REED *vs.* EMERY and others.

An assignment by a debtor in failing circumstances, to an assignee who is known to be insolvent, is prima facie evidence of an intent to defraud the creditors of the assignor, notwithstanding the general denial of fraud in the answer. But circumstances may exist to rebut the presumption of fraud; as where the several creditors who are interested in the asisgned property were consulted, and consented to the assignment to such insolvent assignee.

This was an application on the part of the defendant, Dodge, for a dissolution of the injunction, which had been issued upon a creditor's bill, restraining him from parting with or using the property of the judgment debtor, which he claimed as assignee for the benefit of the creditors of Emery. A cross application was also made on the part of the complainants for the appointment of a receiver. It appeared from the answer that Emery the judgment debtor being in failing circumstances, made an assignment of his property amounting to several thousand dollars to the defendant Dodge, who was notoriously insolvent at the time

*(margin notes: 1840. Reed v. Emery. July 21.)*

1840.

Reed
v.
Emery.

of making the assignment, and who had shortly before assigned all his own property to assignees for the benefit of his creditors.

*C. O' Conner*, for the complainants.

*S. J. Wilkin*, for the defendant, Dodge.

THE CHANCELLOR. Without adverting to the other circumstances of fraud, stated in the bill and not denied by the answer, I think the assignment of the property to an assignee who was known to be insolvent, is at least prima facie evidence of an intent to defraud the creditors of the assignor, notwithstanding the general denial of fraud in the answer. It is not conclusive; and therefore a replication to the answer must be filed to enable the assignee to prove that circumstances existed to rebut the presumption of fraud, in assigning the property to an individual who was known to be irresponsible. Where the several creditors interested in the assigned property are consulted, and consent to the assignment to a particular individual, such consent would rebut the presumption that there was any intention to commit a fraud, although the assignee was known to be destitute of property; as the creditors would have the right to repose themselves upon his honesty only. But where the failing debtor is permitted by the law to select his own assignee, without consulting his creditors and obtaining their consent, it is his duty as an honest man, to select one whose circumstances, as to property, are such as to afford a reasonable assurance to the creditors that the fund will be safe in his hands. And if the debtor, in such a case, selects one who is known to be insolvent, it is a fraud upon the rights of the creditors, and evidences an intention to place his property beyond their reach; or in the language of the statute, to delay or hinder them in the collection of their debts.

As the pleadings show a prima facie case of fraud, and the answer shows no good reason for the selection of an assignee who was notoriously insolvent, the motion to dis-

solve the injunction must be denied with costs. And the motion on the part of the complainants, for the appointment of a receiver, as well of the assigned property, or the proceeds thereof, as of any other property now in the hands of the defendant Emery, must be granted.