### CONNAH *vs.* SEDGWICK and others.

Under the provisions of the statute, unless an assignment made by a debtor for the benefit of his creditors, is accompanied by an immediate delivery of the assigned property, and is followed by an actual and continued change of possession, courts are bound to presume it fraudulent and void as against creditors, and to regard it as conclusively so; unless they are satisfied that it was made in good faith and without any intent to defraud.

What amounts to a delivery, and an actual and continued change of possession.

Continuing to carry on the business of the assignor, in the same way in which it was conducted prior to the assignment, retailing the goods, replenishing the stock from the proceeds of the sales, and keeping no account of the sales of the assigned property, amounts to a breach of trust, which will authorize the appointment of a receiver.

The insolvency of the assignee is also a good cause for the appointment of a receiver of the assigned property.

Connah *v.* Sedgwick.

The selection of an insolvent person as assignee is a fraud upon the rights of cred-
itors, and evidences an intention on the part of the assignor to delay and hinder
them, in the collection of their debts.

IN EQUITY.   The bill in this cause was a creditor's bill, filed
against R. Sedgwick, jun., the judgment debtor, and R. Sedg-
wick his assignee.   The judgment debtor is a son of the defen-
dant R. Sedgwick; and after his failure he executed an
assignment of all his property to his father, in which he gave
the latter a preference for a large amount, in the payment of
the debts owing by him.   The bill charges that the assignment
was fraudulent; that the assignee is insolvent, and that there
has been no change of possession as to the property assigned.
And it prays for an injunction and receiver, and that the as-
signment may be set aside.

*A. F. Smith,* for the complainant, moved for the appointment
of a receiver of the assigned property.   He insisted that fraud
was sufficiently charged in the bill to render the appointment
of a receiver proper.   1. The assignee is notoriously insolvent.
This has been held to be *prima facie* evidence of fraud.   (*Reed*
v. *Emory,* 8 *Paige,* 417.)   2. The assignor has remained in
possession of the property, carrying on the business, selling the
goods, and receiving the money therefor, in the same way as
before the assignment.   *Hart* v. *Crane,* (7 *Paige,* 37,) decides
that a provision directing the business to be carried on, renders
the assignment fraudulent.   And the principle is the same
whether the business be continued by the assignee, or by the
assignor himself.   Justice to other creditors requires that after
an assignment has been made for their benefit, the business
shall be wound up, and the property disposed of.

*R. H. Waller,* for the defendant.   The answer states that
the assigned property was not left in the possession of the as-
signor.   Although he was in the store constantly, it was in the
capacity of a clerk, only.   But had the property been left in
the assignor's possession this would not have been conclusive
evidence of fraud.   It would only have been presumptive evi-

Connah v. Sedgwick.

dence. (2 *R. S. 3d ed.* 195, § 5. *Id.* 198, § 4. *Stoddard* v. *Butler,* 20 *Wend.* 507. *Smith* v. *Acker,* 23 *Id.* 653.) Fraud, in such cases, depends upon the intent. (1 *Hill,* 438, 467, 473. 25 *Wend.* 511. 4 *Hill,* 271.) And the question of intent is not to be determined by the court, but must be submitted to the jury. (*Butler* v. *Van Wyck,* 1 *Hill,* 438. *Prentiss* v. *Slack, Id.* 467. *Fuller* v. *Acker, Id.* 473. *Cole* v. *White,* 25 *Wend.* 511. *Hanford* v. *Artcher,* 4 *Hill,* 271.) The facts charged in the bill are stated upon belief, only; and are therefore insufficient to authorize an injunction; much less the appointment of a receiver.

EDMONDS, J. There can be no occasion to consider the objections made, that the statements of the bill are on information only, and that the affidavits annexed are defective in point of form; because the answer itself states three facts which are of themselves sufficient to warrant the granting the motion for a receiver.

1. The change of possession. Under the provisions of the statute, unless the assignment was accompanied by an immediate delivery of the assigned property, and is followed by an actual and continued change of possession, I am bound to presume it fraudulent and void as against creditors, and to regard it as conclusively so; unless I am satisfied that it was made in good faith and without any intent to defraud.

If then, in any aspect, I am bound to look upon it as void, nothing can be more right or consonant to the well established practice of this court, than, on such a bill as this is, to direct the appointment of a receiver to take charge of the property, to abide the result of the inquiry whether it was actually fraudulent.

The question then is, was there, in point of fact, an immediate delivery and an actual and continued change of possession? Aside from the general averments in the answer, which are of no avail here, because they are rather allegations of conclusions of law than a statement of matters of fact, the only facts set up in the answer to show a delivery and change of possession

are these, that the junior was erased from the sign, and the son was made subordinate to the female clerk. The assignee did not himself go into and continue in the actual possession. He did not himself attend the store and superintend its operations. He was as usual attending to his own affairs in another part of the town, and for a period of about three months after the execution of the assignment, the business was carried on at the store in the same manner as it had been before. Goods were bought and sold and money received and expended by the assignor and the female clerk; and for a part of the time by the assignor alone, in the absence of the female. During this time, the property may be said to have been constructively in the possession of the assignee, but it was actually in the possession of the female clerk and the assignor; and part of the time it was actually in the possession of the assignor alone. These are the plain facts of the case, and unless I strike the word actual out of the statute, or give it a meaning different from that which it has always borne in law, as well as in common parlance, I am bound to presume the assignment to be fraudulent and void.

2. The next matter of fact stated by the answer, is the continuance of the business without interruption since the assignment. The admission in the answer is that R. Sedgwick, jun., ever since the making the assignment, with the exception of a few days, has been and still is in daily attendance at the store as clerk and not as owner—that the store has been opened as usual, and small parcels of the assigned stock have been from day to day, by the female agent and R. S. jun. as such clerk, retailed out in the usual course of business, and in the same manner as if no assignment had been made; that of the proceeds of such business, about $414 have been paid by his agent (the female clerk) to the assignee, and $350 thereof has been applied to replenishing the stock; but what articles have been so purchased the assignee does not know, nor does he know or believe that any account has been kept, nor does he know what part of the assigned property has been sold. The object of the assignment is to pay the debts of the assignor, first some preferred

debts, among whom is the assignee, and then his individual, and afterwards his partnership debts. The case of *Hart* v. *Crane*, (7 *Paige*, 37,) is precisely in point. It is on all fours with this case, in this respect; and on that authority I am bound to regard this dealing with the property as a breach of the trust, and therefore, enough in this case, as it was in that, to warrant the appointment of a receiver of the assigned property.

3. The insolvency of the assignee. In his answer he admits that he has been for a long time in embarrassed circumstances; that he cannot form any opinion whether he is now able to pay his debts, and does not know whether he is insolvent or not; but he admits that there are judgments to a large amount outstanding against him, and that one execution at least had been issued against him, and that all his household furniture is covered by a chattel mortgage. Here again, a decision in chancery, *Reed* v. *Emery*, (8 *Paige*, 417,) is decisive of this case. The chancellor there held that an assignment to one who was known to be insolvent, was at least prima facie evidence of an intent to defraud creditors ; that it was the duty of the assignor, as an honest man, to select one whose circumstances were such as to afford a reasonable assurance to the creditors that the fund would be safe in his hands ; and that if the debtor, in such case, selects one who is known to be insolvent, it is a fraud upon the rights of creditors, and evidences an intention to place his property beyond their reach, or, in the language of the statute, to delay or hinder them in the collection of their debts. Therefore he not only refused to dissolve the injunction, but directed the appointment of a receiver of the assigned property, or the proceeds thereof.

The same course must be taken in this case.