Litchfield *v.* Pelton.

---

SAME TERM. *Before the same Justices.*

LITCHFIELD and others *vs.* PELTON and others.

C. M. P., a debtor in failing circumstances, made a sweeping sale and transfer of all his property, real and personal, to his brother G. P. P., a young man without family, experience, or property resources, who was in his employment as clerk, for the sum of $20,000 payable in one year with interest, taking from him his individual notes for that amount, not endorsed, guarantied or secured.

---
Litchfield *v.* Pelton.
---

On the same day, C. M. P. made an assignment of those notes to B. in trust for the benefit of his creditors, giving preferences; *Held* that the sale from C. M. P. to his brother, and the assignment of the securities to B. were to be regarded as one transaction; and that the circumstances afforded sufficient evidence of a fraudulent intent to justify an injunction and receiver.

A general denial of fraud by a defendant, can not be urged successfully against an order for an injunction, where facts are admitted from which the court, or a jury, may properly infer a fraudulent intent.

The injunction, in such a case, should be retained until final judgment.

THIS was an appeal by the defendants from an order made at a special term of this court, denying a motion on the part of the defendants, to dissolve an injunction, and granting the plaintiffs' motion for a receiver. The complaint was filed by the plaintiffs as judgment creditors of Charles M. Pelton, against the said Charles M. Pelton, George P. Pelton and William H. Bradley, to set aside a sale made by Charles M. Pelton, to George P. Pelton, of all his property, and an assignment made by him to Bradley, of the securities taken from George P. Pelton on such sale, for the benefit of certain specified creditors of the assignor. The facts are stated in the opinion of the court.

*C. Tracy,* for the plaintiffs.

*Varick & Eldridge,* for the defendants.

*By the Court,* HURLBUT, J. It is very evident that the sale from Charles M. Pelton to his brother, and the assignment of the former to Bradley, are to be regarded as one transaction, in which the Peltons, together with the creditors preferred by the 2d and 3d articles of the assignment, and the assignee Bradley, must be considered as having acted together for the attainment of the same end. Charles M. Pelton was embarrassed and pressed with suits by his creditors. An action of the plaintiffs was running against him, and required but a week to be determined by a judgment. He was unable to pay his debts not for the present only, but after realizing the full value of all his assets. He was believed to be insolvent, as well by himself as by the confidential creditors, under whose advice and for whose

benefit in part, he acted.   Under these circumstances he made
a sweeping sale and transfer of all his property, real and per-
sonal—of debts due him, which for aught that appears might
have been speedily collected—and of his stock and manufactur-
ed goods, a portion of which would probably have commanded
full price, on a cash sale in the proper market.   And this general
transfer of his estate was made to his brother George P. Pelton,
a young man without family, experience or property resources,
who was in his employment as clerk, and who, in consideration
of the alledged sale contracted to pay Charles M. Pelton $20,000
with interest, at the expiration of a year.   This was followed on
the same day, by the assignment of Charles M. Pelton to Bradley,
of the securities given on the sale, for the benefit of creditors,
giving preferences.

It is urged in defence of these transactions, that George P.
Pelton was honest and trustworthy, and that he agreed to pay
the full value of the estate conveyed to him by his brother.
This may be true; but still he was an irresponsible purchaser
upon credit, and without security, and did not enter into the
arrangement in the ordinary course of business, nor with the mo-
tives of a *bona fide* purchaser.   The intention of all concerned
appears to have been to make such a disposition of the entire
estate of an insolvent debtor, as that it could not be sold to sat-
isfy pressing judgments; and that it should be so secured in
friendly hands, as not only to avoid all risk of sacrifice at the
instance of diligent creditors, but also be in a condition to be
availed of for the benefit of Charles M. Pelton and his indul-
gent creditors.

If the design had been simply to transfer the estate for the
sole benefit of creditors, there was a direct means of doing this,
without the intervention of a prior sale to George P. Pelton.
A full price nominally agreed to be paid by an honest but wholly
irresponsible young man, can not help this transaction.

It was urged by the defendants' counsel, that the advice and
consent of the principal creditors ought to be regarded as helping
the sale and assignment in question.   We think not, under the
circumstances of this case ; they being preferred creditors.   If

they were here seeking to avoid what they had once deliberately sanctioned, their former consent might very properly be alledged against them; but the creditors who were pursuing the fund in question when it was transferred, and who have not consented to the assignment, can not be prejudiced by the acts or acquiescence of others.

It was also urged that all fraudulent intent being denied by the defendants there was virtually a denial of the whole equity of the complaint, and that for this reason the injunction ought to be dissolved. But, from the conceded facts in this case a jury might very well find that the transaction in question was made with intent to hinder and delay creditors; and if, as a court, we were required to determine upon the question of intent as one of fact, we should have very little hesitation in arriving at the same conclusion. A general denial of fraud can not be urged successfully against the order for an injunction, where facts are admitted from which the court or a jury may properly infer a fraudulent intent. The injunction in such a case should be retained until final judgment.

The order of the special term, denying the motion to dissolve the injunction, must be affirmed with costs.

---

SAME TERM.    *Before the same Justices.*