## SUPREME COURT.

### PEARCE and others agt. BEACH and others.

It is not sufficient ground for setting aside an assignment for the benefit of creditors, that the assignees are men of limited means, and had been clerks for the assignors in their business prior to the assignment, where it appears that the assignees are men of unimpeached integrity, of mature years, and well acquainted with the character of the property assigned. And especially where it appears that a large majority of those interested in the assets express no wish for a change in the trusteeship.

*New-York Special Term, June,* 1854.
APPLICATION for injunction and receiver.

HENRY H. MORANGE, *for defendants.*
BANGS & KETCHUM, *for plaintiffs.*

ROOSEVELT, Justice. The assignment in this case, it is conceded, was not void on its face. Its invalidity is argued from circumstances; the principal of which are the insolvency and position of the selected assignees. Both were clerks of the failing house, and both were men of very limited means—one being embarrassed by an antecedent failure of his own. The answer, however, and I think it sufficient, to these objections, which, *prima facie*, might indicate fraud, is, that although

clerks, the chosen assignees were men of mature years, of un-impeachable integrity and business capacity, perfectly acquaint-ed with the character of the property assigned, and such as the creditors themselves would probably have selected, (as is evinced by their subsequent approbation,) had they been previously consulted.

Although the assets amount nominally to the large sum of nearly $500,000, the great majority of those interested in them express no wish for a change in the trusteeship, but, on the contrary, strongly urge that it should remain as it is. Under these circumstances, there being no danger to the fund, and no sufficient ground after the explanations which have been given, to impeach the good faith of the assignment, the injunction must be dissolved, and the receivership denied.

It is proper that I should add, that the supposed necessity of waiting six months to divide the assets is an error; and that a distribution may, and, in the present state of moneyed affairs, ought to be immediately made. An early dividend, although possibly not quite so large, is more important than a slight increase to result from protracted nursing.

[ *Same Term.* ]

THE SEABOARD & ROANOKE RAILROAD CO. agt. WM. WARD.

ROOSEVELT, Justice. The question, whether the plaintiffs, after a counter-claim has been interposed, can discontinue without the consent of the defendant, is not without difficulty; and to render the practice uniform, should be passed upon at general term. I shall, therefore, deny the defendant's motion *pro forma,* and leave him to appeal without giving security, and without costs.