McCunn, J.
I concur in the reasoning of Mr. Justice Jones, and am for reversing the judgment.
Robertson, Ch. J.
Although it may not be entirely well settled how far general unfitness to discharge the duties of his trust, on the part of a voluntary assignee, for the benefit of creditors,, may render the assignment • to him fraudulent and void, as matter of law, certain disqualifications are certainly held to do so. His irresponsibility is one, (Reed v. Emery, 8 Paige, 417; Connah v. Sedgwick, 1 Barb. 210;) but it must be known to the assignor (Browning v. Hart, 6 Barb. 91) at the time. It is true, where an excuse is offered for the selection, its sufficiency may be a question of law or of fact. (See Pearce v. Beach, 12 How. Pr. 404.) Where an assignee may be presumed to be disabled from performing his duties by residing at a distance, loss of his eyesight, illiteracy, (Cram v. Mitchell, 1 Sandf. Ch. 251,) or even by an incurable disease, (Currie v. Hart, 2 id. 353,) the same rule is applicable. It extends even to those cases where, from the relations between the parties, an intent might be im- ' plied that the assignor should virtually retain the control of the property assigned, when accompanied or even followed by acts of control on his part. (Litchfield v. Pelton, 6 Barb. 187.) Fictitious assets or debts in an assignment seem, however, to be mere indicia of fraud, (Mead v. Phillips, 1 Sandf. Ch. 83,) and not conclusive.
The evidence in this case did not, perhaps, go far enough to establish the absolute insolvency, or unfitness *589 of the plaintiff as assignee, so much as his indifference to his duties, or even that the debt of Q. Sauer was wholly fictitious. Part of the debt set down as due to Zenick it sustained, although not the whole; and no excuse was shown for the exaggeration of it, beyond the amount proved. He was not called as a witness, nor was the plaintiff examined as to it. It is not, perhaps, clearly settled on whom the burden of proof of the existence of the debt in such cases restsalthough it would seem more properly to rest on the party claiming under the assignment, as it is an affirmative of the issue. If not, slight circumstances ought to be sufficient to establish, prima facie, the negative. The nature of the indebtedness and failure to prove the existence of any more outstanding accommodation notes of Zenick, ought, perhaps, to have been sufficient to cast the burden on the plaintiff of giving, at least, some evidence of a debt, or excuse for the exaggeration, yet neither he nor Zenick was asked on the subject. On the whole, perhaps the evidence should have been, as it was, submitted to the jury upon the question of fact, with proper instructions as to the law.
But some extraordinary anomalies appear in the case to have occurred on the trial of the cause. The plaintiff was sworn in his own behalf as a witness, yet his counsel claims to have obtained a verdict for him by inducing the. . jury to believe that he was in reality trying to defeat the action-, had forsworn himself for the purpose, and was in in reality assisting the defendant. It sounds somewhat strangely for a plaintiff to recover in an action where his testimony is necessary to enable him to recover, because he was not to be believed under oath. The fact that he had executed an assignment to Miller does not alter the case; the latter should, as he could, have made himself plaintiff, notwithstanding the objection of the present *590 plaintiff* (Code, § 121,) by a supplemental complaint, and thus have got rid of the incumbrance of the original assignee appearing as the only plaintiff* on the record. If the false swearing of the plaintiff* against the good faith of the assignment would enable him to get a verdict in his favor, it would be as logical to suppose that he swore falsely in order to accomplish that very end as much as any other. The rule might have been different when an assignee could not sue in his own name. Any antago-1 nism of interest between the plaintiff and his eestuis que trust could only be settled in an' action in which both parties had an opportunity of meeting that issue, such as this would have been if the new assignee had been plaintiff. There does not seem to have been any fact, of which the plaintiff was an indispensable witness, rendering it inevitably necessary to call him on his own behalf. The plaintiff’s counsel (supposing their interest to be separate) sanctioned his credibility, therefore, by calling him, and should not be allowed to assail it, where his evidence was favorable to the defendant.
But the plaintiff’s counsel also introduced evidence against an objection on the part of the defendant, showing that the plaintiff was a wholly unfit person to act as trustee and that he had been removed as such by a judgment of the court, and executed an assignment to a third person, (Mr. Miller.) The counsel for the defendant claims that. this should not have been allowed, because it might have prejudiced the jury, by showing that the objectionable party had been removed, and that thus no harm had ensued from making him assignee. Nothing is better settled than that acts- of the parties subsequent to the assignment are not admissible as evidence to sustain its good faith. For aught that appeared in evidence, the creditors who were interested to sustain the assignment might have got up *591 the action for the removal of the plaintiff, with a view of creating thereby evidence of good faith. It clearly was not relevant on any issue in the action, and the defendant had a right to insist on its exclusion. Had a supplemental complaint been filed by Miller, the assignment might have been admissible to prove his title; but the defendant would then have been entitled to have had the jury warned against receiving it as any. evidence of good,faith. In the present action it was wholly irrelevant and should have been excluded.
The court also allowed assignments by the preferred creditor, (Zenick,) whose debt was attacked, of his interest under the assignment to the plaintiff, to the creditors of the assignors, who held his notes made for their accommodation, to Be read in evidence against the objection of the defendant, (as is stated in the case,) “ as proof that an assignment was made to pay the note in question.” Whether by this was meant the assignment to the plaintiff', or that to the creditors of the assignors, is perhaps somewhat ambiguous, but it may be assumed to be the former. I do not see how it could legally tend to - show that the debt preferred by the assignment in controversy, as due to ZeniaTe, could be established thereby to be one of those due to the persons to whom he transferred- it, by such assignments. But they were inadmissible for that purpose, because they were executed after the assignment, and may have been so for the very purpose of being used as evidence. I think they were improperly admitted.
I think also the question put to the new assignee, (Miller,) “ whether he" had made any effort to collect the debts,” was improperly admitted, as it had no bearing on any issue in the action, and- was subsequent to the assignment.
Although the evidence thus admitted may have had no influence on .the result of the trial, and the necessity of *592 upholding the exceptions to its admission is to be regretted, •there is no escape from the consequences of it. The defendant is- entitled to the benefit of them, and there must therefore be a new trial, with costs to abide the event."