## N. Y. COMMON PLEAS.

### M. L. REICHENBACH agt. FREDERICK WINKHAUS *et al.*

*Assignment — When void, and will be set aside as such.*

An insolvent assignment reserving to the assignor power of revocation, is void in judgment of law.

Any purpose of the assignor which would render the assignment legally fraudulent if contained in the deed, is equally effective if shown by other proof.

The deposit of the assignment with a stranger, after complete execution, to hold until receipt of further orders from the assignor, or to file when, in the judgment of the depositary, it should be for the best interests of all creditors, is a clear reservation of the power to revoke, rendering it void.

*Equity Term, June,* 1884.

ACTION by judgment creditor to set aside general assignment for the benefit of creditors.

It appeared from the evidence that the assignor, Speth-mann, being insolvent, and intending to go to Europe to see his creditors, executed an assignment for the benefit of his creditors, without preferences, which was dated and acknowledged by both the assignor and assignee on March 19, 1883. The instrument contained the usual acceptance of the trust by the assignee. The assignment was not delivered at the time, and was not intended by the parties to take effect as an assignment on the date thereof, but was retained by the assignor and by him handed to his attorney, with the express direction to keep it until further orders from him, or until

said attorney thought necessary to file it for the best interest of all the creditors. The assignor sailed for Europe on March 21, 1883, and immediately thereafter the plaintiffs began an action and obtained an attachment therein against the property of the debtor Spethmann, on the ground of his non-residence. After the levy of the attachment the assignment was first delivered by the assignor's attorney to the assignee, and was thereupon filed. The attachment was subsequently vacated on technical grounds. It appeared also that the whole stock in trade of the assignor had, prior to the assignment, been consigned to the firm of which the assignee was a member, and was held by them for sale on commission and as security for advances made thereon.

*Frankenheimer & Rosenblatt,* for plaintiffs.

*Chamberlain, Carter & Hornblower,* for defendant Winkhaus.

*Henry Grasse,* for defendant Spethmann.

BEACH, *J.* —A prompt decision of this case seems desirable, because, if postponed, long delay will unavoidably result. For that reason my conclusion is briefly stated without argument. An insolvent assignment, reserving to the assignor power of revocation, is void in judgment of law (*Riggs* agt. *Murray,* 2 *Johns. Ch.,* 565 ; *S. C.,* 15 *Johns.,* 571). Any purpose of the assignor which would render the assignment legally fraudulent if contained in the deed, is equally effective if shown by other proof (*Gasherle* agt. *Apple,* 14 *Abb. Pr. R.,* 64). The deposit of the assignment with a stranger, after complete execution, to hold until receipt of further orders from the assignor, or to file when, in the judgment of the depositary, it should be for the best interest of all creditors, is a clear reservation of the power to revoke, rendering it void. There may be another reason, in that no immediate delivery, followed by an actual and continued change of possession of the

assigned estate, did or under the circumstances could take place. The title to the property passed upon execution by the assignor and acceptance by the assignee (*Cruat* agt. *Sedg wick*, 1 *Barb.*, 210; *Butler* agt. *Stoddard*, 7 *Paige*, 163; *S. C.*, 20 *Barb.*, 505).

Decree for plaintiff, with costs.