·GEORGE L. KINGSTON, as Assignee, etc., Appellant, v. HARRIET N. KOCH, as Administratrix, etc., Respondent.

*Assignment for the benefit of creditors — necessity of a delivery by the assignor to the assignee — fraudulent intent.*

Where a general assignment for the benefit of creditors, after being prepared and signed by the assignor, is placed in the hands of his attorney to be used in case of necessity, and the attorney holds it until a judgment has been entered against the assignor, and thereupon, without any further communication with the assignor, takes the assignment and gives it to the assignee named therein, such assignment is inoperative and void.

Until delivery, an assignment is a nullity, and unless the assignor has, by his acts, authorized a delivery, the instrument is inoperative.

In determining whether an assignment was made for the purpose of defrauding creditors, it is not the intention of the assignee, but rather that of the assignor before the delivery of the assignment, which is to govern.

Appeal by the plaintiff George L. Kingston, as assignee, from a judgment entered in the clerk's office of the county of Erie on the 29th day of May, 1889, after a trial before a referee, upon whose report judgment was entered dismissing the plaintiff's complaint, with costs.

The action was brought to recover the value of certain fixtures of .a grocery store, together with goods on the shelves of such store, belonging, to one Southwick, the plaintiff's assignor, and which were levied upon by the defendant's intestate, acting as sheriff of Erie ·county, under an execution against the property of Southwick.

. *Edmond J. Plumley*, for the appellant.

*Seward A. Simons*, for the respondent.

Macomber, J.:

The plaintiff, as assignee for the benefit of the creditors of one George Southwick, brought this action to recover the value of certain property which he claimed under such assignment and which had been seized by the defendant's intestate, as sheriff of Erie county, under a judgment and execution issued against the assignee in behalf of one Houghtaling.

The action of Houghtaling was begun in the Municipal Court of Buffalo November 28, 1884, and the summons therein was made

returnable at ten o'clock A. M., on the fifth day of December of that year. An unverified answer was attempted to be filed by the defendant in that action, but the same was finally rejected, but such effort resulted in a delay in the proceedings of a few hours. Early in the afternoon, however, a judgment was taken, a transcript was immediately issued and filed with the clerk of Erie county, and at ten minutes past three o'clock of that day an execution was delivered to the sheriff. A levy was actually made upon the property in question on the 8th day of December, 1884.

The debtor, Southwick, had prepared and had signed and placed in the hands of his attorney, prior to the entry of such judgment against him, the general assignment for the benefit of creditors under which the plaintiff claims. This instrument was put into the safe of the attorney, and there remained until the judgment above-mentioned was procured, when the attorney, who had been defending the case in the Municipal Court, went hurriedly to his office and, without any further communication with the assignor, took the assignment from the safe and gave it to the plaintiff, the assignee therein named.

We are of the opinion that this assignment never became effective as against creditors. When the assignor executed the same he had no intention of having it delivered as an effective instrument, but intended the same to be used only as a shield in case of necessity. The last positive instructions which the case shows that the assignor made to his attorney were to the effect that he should not deliver that instrument in the morning of the day above mentioned. There is no evidence of any instruction that he should deliver it at a particular time or in any particular event, though it is a fair inference that the same was designed to be delivered or withheld from delivery according to the course pursued in the action in the Municipal Court. There is no evidence of any subsequent direction of the assignor to the attorney to deliver the instrument to the assignee. The assignor kept within his own control, save as above mentioned, the entire matter. Southwick pursued his business as theretofore without any change, and as though the instrument that he had executed was not outstanding. It was, in fact, a provisional execution of a general assignment, not to become operative until further orders had been given to the attorney. There was, therefore, reserved to the assignor

the right to withhold the delivery of the assignment, and the right to revoke it and render it void. Until delivery, an assignment is a nullity, and, unless the assignor has, by his acts, authorized a delivery, the instrument is inoperative. (_Reichenbach_ v. _Winkhaus_ (67 How. Pr., 512; _McIlhargy_ v. _Chambers_, 27 N. Y. St. Rep., 921; _Chapin_ v. _Thompson_, 89 N. Y., 270.)

The referee has found as a fact that the assignment was made for the purpose of defrauding creditors, and particularly creditor Houghtaling, and is, therefore, void. This conclusion is abundantly sustained by the evidence, and is fortified by the following authorities which show that it is not the intent of the assignee, but rather the intent of the assignor, before the delivery of the assignment, which is to govern: _Cuyler_ v. _McCartney_ (40 N. Y., 221); _Talcott_ v. _Hess_ (31 Hun, 282).

The judgment should be affirmed, with costs.

Dwight, P. J., and Corlett, J., concurred.

Judgment affirmed.