LLOYD TEVIS, Appellant, v. R. N. WOOD and E. S. LATHROP, Respondents.

A demand upon the makers of a note was made at maturity, but the notice to the indorsers stated the demand to have been made on a day subsequent to maturity. *Held*, that such notice was insufficient to bind the indorsers.

APPEAL from the District Court of the Fourth Judicial District, San Francisco County.

The defendants were sued as indorsers of a promissory note. The case was tried by the Court, who found that the note upon which this action was brought, was presented to the makers, and payment demanded, on the 13th day of December, 1854, the day upon which it fell due: that payment was refused: and that the note was duly protested, and notice of the protest was given to the indorsers, Wood and Lathrop, in due time, but that such notice stated that the note was presented on the 14th of December—the day after it became payable and was actually presented.

The Court gave judgment for the defendants and plaintiff appealed.

*J. B. Haggin*, for Appellant.
No brief on file.

*John Currey*, for Respondents.
The liability of an indorser does not arise by his act of endorsement
50

alone;—his agreement is, that if the note is not paid by the maker thereof at the time it becomes due, upon due presentment, he, the indorser, will, upon due and reasonable notice given him of the dishonor, pay the same to the indorsee or holder. Story on Prom. Notes, §§ 135, 223.

Demand of payment must be made on the last day of grace. If not made then, the indorser will be discharged from all liability. Story on Prom. Notes, § 202.

If the maker of the note dishonors, when due, upon its due presentment to him for payment, the notice to the indorser must show every substantive fact, the existence of which is necessary to render the indorser liable. Story on Prom. Notes, § 350.

The time when the note was presented, is a substantive fact; and if the notice conveys to the indorser intelligence that the note was presented for payment, and payment thereof demanded when past due, the indorser is thereby informed that he is discharged. Ransom v. Mark, 2 Hill, 588.

HEYDENFELDT, J., delivered the opinion of the Court. BRYAN, J., concurred.

This suit was against the defendants as indorsers of a promissory note.

From the facts it appears that demand upon the makers was made at the right time, but the notice to the defendants stated the demand to have been made on a different day,—that is to say, on a day too late to bind the indorsers.

The object of notice to the indorser of a note or bill, is to advise him of his liability, so that he may take the earliest steps for his own security. Indorsers are a favored class of litigants, and the Courts have always maintained their rights with great strictness. If, therefore, the very language of the notice conveys to the indorser, not the advice of his liability being fixed, but positive information which assures him necessarily of his release from liability, the object of notice would be defeated, if it was insisted that he was still liable. The notice in such case, instead of arousing him to immediate effort for his security, lulls him into false security. Instead of being the protection which

the law intended it to be, it would be a snare to entrap the unwary, and such a doctrine would soon lead to its total disuse.

The notice in this case was insufficient, and the defendants are therefore discharged.

Judgment affirmed.