Rogers *vs.* Silas *et al.*

---

JAMES H. ROGERS, sheriff, plaintiff in error, *vs.* REBECCA SILAS *et al.*, defendants in error.

When, in a rule against the sheriff, he answered that he had not made the money, because the *fi. fa.* issued upon a judgment founded on a note given for negro property, which was admitted on the hearing:

*Held,* That, while a sheriff is a ministerial officer, and it is his duty to execute all process placed in his hands, and let defendants set up their defenses to such process, yet, under Article V., section 17 of the Constitution, and Article XLI., section 6, there was no jurisdiction in the Court, upon such answer, to make the rule absolute against such officer, and that the exceptional character of the case and the constitutional inhibition of jurisdiction was protection of such officer in the premises against rule. WARNER, J., dissenting.

Constitutional Law.   Rule *versus* Sheriffs.   Slave-debts. Before Judge ANDREWS.   Hancock Superior Court.   June, 1869.

Rebecca Silas *et al.* had a *fi. fa.* against Stacy *et al.*, but upon what judgment it was founded, or when it was issued, do not appear. The sheriff sold certain of defendants' property, and paid out the money to other *fi. fas.* He was ruled to show cause why he should not pay this *fi. fa.* He answered that, though he had it in hand, he had overlooked it, and, besides, that he was prepared to show that it was issued from a judgment founded upon a contract, the consideration of which was slaves. This answer was demurred to, and the Court ordered him to pay the money. This is assigned as error.

Rogers *vs.* Silas *et al.*

LINTON STEPHENS, for plaintiff in error.

No appearance for defendants.

LOCHRANE, C. J.

The record in this case is very brief; in fact, too brief for the proper understanding of the history of the case. It appears that, at the April Term, 1869, the defendant in error, by rule *nisi*, called upon Rogers, sheriff, to show cause why money had not been collected. The rule does not show when the *fi. fa.* was obtained, but merely recites its existence; and to this proceeding the sheriff's answer alleges that the *fi. fa.* in question, issued upon a judgment founded on a consideration for negro property.

We have been restrained, in this case, to consider whether, when a *fi. fa.*, issued from a Court, was placed in the sheriff's hands to execute, his office being purely ministerial, he had a right to set up this defense to its execution; or whether it was not his duty to levy and let the defendant in *fi. fa.* raise such issues as were not apparent on the face of the papers. Such was the view held by this Court, at this term, in the case of *Martin, sheriff, vs. Huson*, etc. But after a careful consideration of the fact alleged by the sheriff, in this case, that he ought not to be adjudged in contempt of the process of the Court, by virtue of the character of this debt, which he verifies, and it is admitted to be for negro property, we are of opinion that the Court erred in making the rule absolute.

Article V., section 17 of the Constitution of 1868, provides: "No Court or officer shall have, nor shall the General Assembly give jurisdiction or authority to try, or give judgment on, or enforce any debt, the consideration of which was a slave or slaves, or the hire thereof." And Article XI., section 6, among other things, provides that judgments not executed shall proceed and be performed in such cases only as the Constitution gives jurisdiction over the causes, etc., on

Rogers *vs.* Silas *et al.*

which such judgments are founded. Now, it appearing from the sworn answer of the sheriff, that this judgment was within that class over which, by the Constitution, jurisdiction was denied, both to the officers and to the Courts, we are of opinion that, on such answer, not traversed, and standing admitted before the Court below, he had no power to pass such order in the premises. This belongs to a class of cases exceptional in character, and under a constitutional inhibition of jurisdiction, both as to Courts and officers, and the answer of the sheriff not being contradicted, made such an admitted record as excused the sheriff, under the facts in this case.

But while we have gone to the fullest extent in the protection of officers under the law, we deem it proper to state, admonitory of the duty of sheriffs in the premises, that the safest way to execute their official duties, and save themselves and sureties from ultimate liability, is to simply discharge their ministerial duties, and let defendants move for their own protection, by asserting their constitutional or other defenses, if they exist.

Judgment reversed.

McCAY, J., concurred, but furnished no opinion.

WARNER, J., dissenting.

A sheriff is a *ministerial* and not a *judicial* officer, and when an execution is placed in his hands for collection, issuing from a Court of general jurisdiction, regular upon its face, it is not a legal showing for the sheriff, in answer to a rule for not making the money due thereon, to state that the consideration of the debt on which the judgment was obtained was for a slave or slaves; the more especially as the record in this case does not show whether the judgment was obtained before or since the adoption of the Constitution of 1868. For aught that appears from this record, that defense may have been set up on the trial of the case in which the

judgment was rendered. There is nothing on the face of the judgment or execution, showing that it was founded on a slave debt, and unless that fact had been made judicially to appear to the sheriff, by an affidavit of illegality, or other lawful proceeding, he cannot, on his own mere motion, suggest that fact as an excuse for not performing his duty, when ruled for the money. The sheriff cannot, as a ministerial officer, be allowed to go behind the judgment and decide for himself, that the debt on which it is founded was a slave debt, as an excuse for not obeying the mandatory process of the Court placed in his hands. It was no more a *legal* excuse for the sheriff, as a ministerial officer, when ruled for the money, to assume and decide for himself, that the execution issued on a judgment for a debt, the consideration of which was a slave or slaves, than it would have been for him to assume, and decide for himself, that the execution had issued on a judgment founded on a gaming debt, or on a debt to compound a felony, or any other illegal consideration. That was no part of his legal duty as sheriff, and consequently is no legal defense to the rule against him.