No. 2252.

FANNIE B. WOESSNER v. ELIZA CRANK.

1. PARTIES—TRUSTS.—Though cases may arise in which a surviving wife, who has qualified under the statute to administer the community estate, may make herself a party to a suit pending for or against her husband at the time of his death, and affecting the community estate, yet, when the suit is against the husband as assignee under the statute for the benefit of creditors, no such right exists.

2. PRACTICE—JUDGMENT.—The error in permitting the wife to make herself a party as successor of her husband in a statutory trust for the benefit of creditors, and rendering judgment against her, is such as requires a reversal of the judgment, without an assignment of error.

ERROR from Nueces. Tried below before the Hon. J. C. Russell.

*D. McNeil Turner* and *McCampbell & Givens,* for plaintiff in error.

*Stanley Welch,* for defendant in error.

STAYTON, ASSOCIATE JUSTICE. Eliza Crank brought an action against George F. Gage, for debt, and sued out and caused to be levied a writ of attachment on personal property in the possession of W. E. Gage. Soon after the attachment, W. E. Gage made an assignment, under the statute, for the benefit of his creditors, appointing John Woessner assignee. John Woessner qualified, and made claim, under the statute, to the property levied upon under the writ of attachment sued out by Mrs. Crank. Before the cause was tried, John Woessner died, and, his death having been suggested, his wife, the plaintiff in error, "as his surviving widow in community, as his legal representative, appeared and joined issue as his successor in said trust as assignee." With no other representative of the assigned estate before the court, the cause was tried, and a judgment rendered against the plaintiff in error and the sureties on the claimant bond executed by her husband, such as is usual when on trial of the right to property it is found subject to the process under which it was seized. The correctness of the judgment is questioned on many grounds, which it will be unnecessary to consider.

That cases may arise in which a surviving wife, who has qualified under the statute to administer the community estate of herself and her deceased husband, may make herself a party plaintiff or defendant to an action pending at the time of her husband's death and affecting the community estate, is doubtless true. No such case, however, is presented by the record before us.

The trust conferred upon John Woessner by the deed of assignment, and his qualification under it, was personal, and his widow, by means of her relationship to him, would not become his successor in the trust. In case of the death of such an assignee, the law provides that the county or district judge shall appoint another in his place. (Act of March 24, 1879, sec. 14.)

The judgment rendered in this case settles no right, because there was no party before the court who had authority to represent the assigned estate.

This error, though not assigned, requires a reversal of the

judgment. The judgment will be reversed and the cause remanded; plaintiff in error to pay costs of this appeal.

*Reversed and remanded.*

Opinion delivered February 15, 1887.