## 12512. HOLBROOK, sheriff, *v.* JAMES H. PRICHARD MOTOR COMPANY.

1. The jurisdiction of a court depends upon its right to decide a case, and never upon the merits of its decision. If it makes an order in a cause over which it has no jurisdiction, the order is a nullity, and no one is bound to obey it or liable for disobeying it. If it makes an order within its jurisdiction and power, it must be obeyed, however clearly it may be erroneous, and a disobedience of it is a contempt of the court.

2. Where a sheriff has made a seizure of an automobile for violation of the prohibition laws of this State, and, following this seizure, condemnation proceedings have been instituted by the solicitor-general, and one claiming to be the owner of the automobile intervenes in the proceedings, the sheriff is compelled to obey any order issued by the court in which the proceedings are pending. The case being clearly within the jurisdiction and power of the court, he must obey the order,

however clearly it may be erroneous, and his disobedience of the order, whether as a ministerial officer of the court or as a party to the suit therein pending and in which the order was passed, is a contempt of the court.

DECIDED OCTOBER 7, 1921.

Confiscation; from Forsyth superior court — Judge Blair. April 23, 1921.

Application for certiorari was denied by the Supreme Court.

This case arose on the following state of facts: The sheriff of Forsyth county seized a Ford automobile containing, for transportation, twenty-one gallons of whisky. Subsequently the solicitor-general instituted condemnation proceedings under the provisions of § 20 of the act of the General Assembly approved March 28, 1917. The James H. Prichard Motor Company filed an intervention, wherein it set up that it held the legal title to the automobile, by virtue of a duly recorded contract retaining title, and it had no knowledge or notice of the illegal use to which the automobile had been put, and prayed that it be allowed to intervene in the cause and be made a party thereto, in order that it might set up its title to the automobile, and that it be permitted to give bond in a sum to be fixed by the court for the final condemnation money, and that upon the giving of such bond it be allowed to have possession of the automobile. The court passed an order permitting the intervention to be filed, and providing that "upon the giving of bond by the within intervenor in the sum of $400 for the eventual condemnation money, as provided by law, the sheriff is ordered to deliver to said intervenor the property described in the within intervention, said bond to be approved by the sheriff or the solicitor-general of this court." Subsequently, by a petition for a rule against the sheriff, the intervenor set up the provisions of the order quoted above, and that the sheriff had failed and refused to comply with the order and accept the bond, although the intervenor had tendered to the sheriff a good and solvent bond as required by the order of the court, and the sheriff had refused to deliver the automobile to the intervenor. Rule nisi was granted, and the sheriff interposed a demurrer and a motion to dismiss the rule, upon the following grounds: (a) Under the facts set forth in the original petition, the intervention, and the rule, as applicable to the act of the General Assembly, approved March 28, 1917, it is the duty of the

31

respondent, as sheriff, to retain possession, custody, and control of the car in question until the issue made on the intervention is determined, and, if the intervention is determined against the claimant, to sell the car as provided by the act. (*b*) Under the facts set up in the original petition, the intervention, and the rule, and the law applicable thereto, it is the duty of the respondent in any event to sell the interest owned in said car by the person unlawfully using the same, or to sell the car and pay over to the claimant any balance of the purchase-money the jury might find was due him. (*c*) The court was without authority of law to pass any order, under the allegations of fact made in said proceedings, to require the respondent to deliver the car in question to the intervenor on the giving of the bond. (*d*) The order of the court requiring the respondent to accept the bond was without authority of law, and is therefore nugatory. The court overruled the demurrer, and the sheriff excepted.

*Morris & Hawkins,* for plaintiff in error.

*Mallet & Bell, Howard Tate,* contra.

HILL, J. (After stating the foregoing facts.)

Reduced to its last analysis, the position of the sheriff, the plaintiff in error, before this court is that the order passed by the trial court, requiring him to accept the bond and deliver possession of the automobile to the intervenor, was without authority of law and was therefore nugatory, and that his failure to comply therewith did not subject him to attachment for contempt. This court does not agree with the position of the plaintiff in error. It is of the opinion that the sheriff, as the ministerial officer of the court, has no right to question the validity of an order passed by the court in a case in which the court has unquestionably unlimited jurisdiction. The superior courts of this State, under the constitution and laws, have jurisdiction of all suits in cases of a civil character. The superior court of Forsyth county had jurisdiction both of the parties and the subject-matter of the case involving the seizure and title to the automobile in question, and any order passed by the judge of that court was within its jurisdiction, although the order might have been erroneous, and the only question for the sheriff, who was a party to the suit as well as a ministerial officer of the court, was one of obedience. The jurisdiction of a court depends upon its right to decide a case, and never upon

the merits of its decision. The distinction between want of jurisdiction and error is clear. When a court makes an order in a cause over which it has no jurisdiction, it is a nullity. No one is bound to obey it or is liable for disobeying it. Ex parte Fisk, 113 U. S. 713 (5 Sup. Ct. 724, 28 L. ed. 1117); In re Sawyer, 124 U. S. 200 (8 Sup. Ct. 482, 31 L. ed. 402). But if the court has jurisdiction to make an order, it must be obeyed however wrong it may be. "The principle is of universal force, that the order or judgment of a court having jurisdiction is to be obeyed, no matter how clearly it may be erroneous." People v. Sturtevant, 9 N. Y. 263, 266 (59 Am. Dec. 536). Errors must be corrected by appeal, and not by disobedience. The sheriff proceeded against for disobeying an order of the court in a case in which it had full jurisdiction can never set up as a defense that the court committed an error in issuing the order. He must go further and make out that in the law there was no authority because the court had no right to issue the order or to adjudicate the case. "Where a court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. But if it act without authority, its judgments and orders are regarded as nullities; they are not voidable, but simply void." Elliott v. Peirsol, 1 Pet. 328, 340 (7 L. ed. 164). In the case of Rogers v. Silas, 42 Ga. 541, the court, by a majority, held that the sheriff was not in contempt because of his refusal to levy an execution issued from the superior court because the court, under the constitution of 1868, had no jurisdiction to give any judgment or enforce any debt the consideration of which was a slave, and the fi. fa. that he refused to execute was of this character; that the court had no jurisdiction to issue the judgment upon which the fi. fa. was based, and the judgment was therefore invalid, null, and void, and not binding upon the sheriff or any one else. Judge Warner dissented from this view and held that this defense set up by the sheriff in answer to the rule constituted no legal defense; that the sheriff could not go behind the judgment or execution and attack its legality. In other words, the distinguished jurist held that the duty of the sheriff was simply one of obedience.

To sum up the whole matter, it is perfectly clear and well set-

tled that if a court makes an order in a case within its jurisdiction and power, that order must be obeyed, however clearly it may be erroneous, and disobedience of it is contempt of court. Therefore, it followed that as the superior court of Forsyth county had jurisdiction of the case in which the order against the sheriff was issued, the order was valid until reversed. Whether as a ministerial officer of the court or as a party to the case, it was the sheriff's duty to obey, regardless of whether the order was erroneous or not, and his failure to do so placed him in contempt of the court's order. The contention of the plaintiff in error, that officers of courts or parties to cases in courts are only called on to obey valid orders and judgments of the courts in such cases or against such officers, if true, would render many judgments nugatory. Officers and parties must obey, where the court has jurisdiction. And, admitting for the sake of the argument, and only for the sake of the argument, that the position of the plaintiff in error is correct as to the law in reference to the seizure of automobiles engaged in the transportation of intoxicating liquors, and the rights of all the parties before the court, either original or by intervention, and that the court did not have authority, under the law, to grant to the intervenor the right to give bond and take possession of the automobile, yet the order was within the constitutional jurisdiction and power of the court, although it may have been erroneous. There is a vast distinction between a judgment invalid and a judgment erroneous. We therefore do not pass upon the question made by counsel for the plaintiff in error as to the legality of the order passed by the judge in the present case. This court simply holds that the order, whether erroneous or not, was within the jurisdiction of the court and demanded implicit obedience, without question, not only by the sheriff as an officer of the court, but by the sheriff as a party to the suit in which the order was passed, and of which the court had full jurisdiction both of the subject-matter and of the parties.

*Judgment affirmed. Jenkins, P. J. and Stephens, J. concur.*