## Ex Rel. CAMERON v. DISTRICT COURT

### No. 2641

September 5, 1924.                           228 Pac. 617.

1. CONTEMPT—APPEARANCE AND CONTEST OF RULE TO SHOW CAUSE HELD TO CONFER JURISDICTION OF PROCEEDINGS.

   Where petitioners, cashier of bank and his attorney, appeared and contested rule to show cause why they should not be punished for contempt, for refusal to deliver certain moneys standing to credit of corporation to receiver of corporation, court acquired full jurisdiction over their persons as well as subject matter.

2. RECEIVERS—COURT MAY ENFORCE ORDER TO TURN OVER PROPERTY TO RECEIVER BY ATTACHMENT OR WRIT OF POSSESSION.

   When possession of property is withheld from a receiver by parties to the suit or others, claiming under them with notice of the receiver's appointment, the court may interfere in summary way and enforce its order for surrender to receiver of such property by attachment or writ of possession.

3. CONSTITUTIONAL LAW—REQUIREMENT BY SUMMARY PROCESS OF SURRENDER OF PROPERTY TO RECEIVER HELD NOT TO VIOLATE DUE PROCESS CLAUSE.

   Requiring by summary process surrender of property by third person to receiver appointed to take possession of it does not affect the right of property or ultimate decision of the case in such manner as to violate constitutional requirement of due process.

4. CONSTITUTIONAL LAW—IMPRISONMENT OF BANK CASHIER FOR REFUSAL TO SURRENDER DEPOSIT TO DEPOSITOR'S RECEIVER NOT VIOLATION OF INHIBITION AGAINST IMPRISONMENT FOR DEBT.

   Imprisonment of bank cashier for contempt for refusal to obey order to turn over moneys on deposit to credit of corporation to its receiver did not violate constitutional inhibition against imprisonment for debt.

5. RECEIVERS — INTERFERENCE WITH POSSESSION OF RECEIVER ON GROUND THAT APPOINTMENT ILL ADVISED NOT PERMITTED.

   Courts of equity will not permit any unauthorized interference with possession of their receivers to be justified on ground that appointment was ill advised or illegal, the remedy of parties deeming appointment erroneous being by application to court itself; this rule applying to property which receiver has been appointed to receive, but which he has not yet reduced to possession.

6. COURTS—JURISDICTION DEPENDS ON RIGHT TO DECIDE CASE, NOT ON MERITS OF DECISION.

   Jurisdiction of a court depends on its right to decide a case, and never on the merits of its decision, and errors must be corrected by appeal, and not by disobedience.

See (1) 13 C. J. sec. 13, p. 12, n. 92; sec. 16, p. 15, n. 27; sec. 101, p. 72, n. 15; (2, 5) 34 Cyc. p. 167, n. 39, 40; p. 180, n. 22; p. 204, n. 26, 28, 29; p. 207, n. 45; p. 212, n. 63, 64, 66; p. 217,

n. 97; (3, 4) 12 C. J. sec. 998, p. 1223, n. 13; (6) 15 C. J. sec. 13, p. 723, n. 79; sec. 26, p. 729, n. 49.

ORIGINAL PROCEEDING in prohibition by the State, on the relation of J. D. Cameron and another, against the Second Judicial District Court of the State of Nevada in and for Washoe County and another. Heard on rule to show cause. **Order to show cause recalled, and writ refused. Rehearing denied.**

*Cooke, French & Stoddard,* for Petitioners:

Cameron and French are strangers to order, not named therein, not ordered to do anything. Order commands Fairchild and Allied Company to deliver all money to Huntington. It is for alleged refusal to obey order that Cameron is to be punished. Order is ex parte, mandatory, injunctive, restraining, and void because issued without undertaking. It is immaterial that it is called order appointing receiver. 32 C. J. 28; McWaters v. Stockslager, 162 Pac. 671; Rev. Laws, 5136, 5140. Nor do Cameron and French come within rule against unauthorized interference by strangers with receiver, because rule presupposes receiver in possession. 5 Cal. Jur. 905. Cameron could not pay out money unless authorized by directors or by check in usual course. Bank was entitled to day in court. If it paid money, equitable owners could have recovered. McStay Supply Co. v. John S. Cook Co., 35 Nev. 284; Ex Parte Rickey, 31 Nev. 82.

Proceeding is attempt to coerce collection of debt by imprisonment. Constitution, art. 1, sec. 14.

Plaintiff is mere contract creditor without lien. Complaint is therefore fatally defective and confers no jurisdiction to appoint receiver or make order. Rev. Laws, 5193. Stranger cannot invoke relief. Rev. Laws, 4986.

Title to money vested in bank with right of Fairchild, trustee, to collect at any time. Ex Parte Rickey, supra.

Death of trustee made no case for appointment of receiver. 1 Perry on Trusts (5th ed.), secs. 264, 344; Shannon v. Davis, 2 South. 240. Proceedings should

have been stayed until legal representatives were brought in. Rev. Laws, 5004–8; Judson v. Love, 35 Cal. 364.

It is not contempt to fail to obey order court has no jurisdiction to make. McKinnon v. Harwood, 35 Nev. 393.

Other creditors, equitably real owners of money, were indispensable parties with right to hearing before order could be made. Scrivner v. Dietz, 24 Pac. 171; 3 Pom. Eq. Jur., sec. 1086; 5 C. J. 1069.

In absence of statute ex parte appointment of receiver is void, and can be assailed. Whitney v. Bank, 15 South. 33. Notice must be given. 2 Tardy's Smith on Receivers (2d ed.), 1964.

*Wm. McKnight,* for Respondents:

Court had authority to appoint receiver on death of trustee. In absence of statute, court had authority by virtue of chancery powers to fill vacancy. Batesville v. Kaufman, 18 Wall. (U. S.) 151; 5 C. J. 1141, 1207.

Receiver may be appointed where debtor has made assignment or property is being wasted on application of simple contract creditor. 3 Cal. Jur. 326; Mellen v. Moline Iron Works, 131 U. S. 352. 23 R. C. L. 16; Oleson v. Bank, 45 Pac. 734.

Order was not ex parte, since proper showing was made. Rev. Laws, 5193. Insolvency of assignee is good cause for appointment. Court may appoint on its own motion, without notice. 5 C. J. 1207; Connah v. Sedgwick, 1 Barb. 210.

Court would not have exceeded jurisdiction anyway, since it had jurisdiction of subject matter already. Maynard v. Railey, 2 Nev. 313.

It was not necessary to make directors of Allied Company parties. Appointment did not work dissolution of corporation. 34 Cyc. 182; Thompson on Corporations (2d ed.), secs. 6370, 6486.

Trust under assignment for benefit of creditors is personal and does not pass to successor. Woessner v. Crank, 3 S. W. 318; Hayne v. Seally, 35 App. Div. N. Y. 633.

Receiver immediately became entitled to money on deposit to credit of trustee. 23 R. C. L. 71; Am. Bonding Co. v. Williams, 131 S. W. 652. Bank did not own money. Smith v. Fuller, 99 N. E. 214. Creditors did not own money. McNeill v. Hagerty, 37 N. E. 526. Money was property of trust. Smith v. Fuller, supra. Title to property vested in successor. 5 C. J. 1208.

Refusal of petitioners to deliver money after demand and order was contempt. Rev. Laws, 5394. Disobedience of even erroneous order, if court had jurisdiction, was contempt. Sutherland Code Pl., 1581. That one acted under advice is no defense. 13 C. J. 43. Attorney is also guilty. Ex Parte Vance, 26 Pac. 118.

Court acquired jurisdiction of petitioners when they appeared. In Re Cohen v. Jones, 5 Cal. 393.

There could be no imprisonment for debt when no debt existed. In Re Rosser, 41 C. C. A. 497.

Validity of appointment cannot be challenged in collateral proceeding. Mellen v. Moline Iron Works, supra.

## OPINION

By the Court, SANDERS, J.:

This is an original proceeding in prohibition. The matter comes before us upon the answer of the respondent court and judge thereof to a rule to show cause why they should not be prohibited from carrying into execution a judgment finding the relators and petitioners guilty of contempt of court.

1. It is conceded that the respondent court caused petitioners, J. D. Cameron, cashier of the Stock Growers' and Ranchers' Bank of Reno, and L. N. French, his attorney, to be served with a rule to show cause why they should not be punished as for contempt for their failure and refusal to deliver to John G. Huntington, receiver, the sum of $18,085.75 on deposit in said bank to the credit of M. D. Fairchild, trustee for the Allied Land and Live Stock Company, a corporation, for which company Huntington had been appointed receiver by order of the respondent court. It is conceded that in obedience to the rule the relators appeared and

contested the matter before the court in all its phases. After a full hearing of the objections interposed by the relators to the contempt proceeding, which objections were overruled, the relators offered themselves as witnesses in their own behalf and were adjudged guilty of contempt and a day fixed for the pronouncement of judgment. We are of opinion that, when the relators appeared and contested the rule to show cause, the court acquired full jurisdiction over their persons as well as the subject matter.

In the case of Ex Parte Cohen and Jones, 5 Cal. 494, on habeas corpus, the district court caused the parties to be served with a rule to show cause why they should not be ordered to deliver certain property in their possession to the receiver, appointed in a case to which they were not parties, and in obedience to the rule they appeared and contested the matter before the court. The court held that, when they appeared and filed their answer to this rule, the court acquired full jurisdiction over their persons, as well as the subject matter.

2. As a general rule courts will not interfere in a summary way as against the possession of a stranger to the action claiming by paramount title, but will leave the question of title to be tried by a proper action to be brought for that purpose. When, however, the possession is withheld by parties to the suit, or by others claiming under such parties, with notice of the appointment of the receiver (as in this case), there can be no question as to the authority of the court to interfere in a summary way and enforce its order for the surrender of the property by attachment or writ of possession. High on Receivers, sec. 144; 34 Cyc. 204.

3, 4. This power does not conflict with the provision of law that no man shall be deprived of his property without due process of law (Ex Parte Cohen and Jones, supra), since the surrender to the receiver does not affect the right of property or the ultimate decision of the case (34 Cyc. 180). We are also of opinion that, since the subject matter of the rule to show cause was a specific sum of money under the control of Cameron

as cashier of said bank, the order cannot be said to conflict with the provision of law against imprisonment for debt.  9 Cyc. 9.

5.  It is insisted, however, that the court was without and exceeded its jurisdiction in the appointment of a receiver, and consequently all orders in the receivership proceeding were void.  In this we are unable to agree. The appointment of the receiver may have been erroneous under the facts, a question not before us, but the court in no sense usurped or exceeded its jurisdiction. Courts of equity will not permit any unauthorized interference with the possession of their receivers to be justified upon the ground that the appointment of the receiver was ill-advised or illegal.   French advised Cameron that the appointment of the receiver was insufficient and illegal.   Parties, dissatisfied with or deeming such order erroneous, must take the proper course to question its validity by application to the court itself, and it is not competent for any person to interfere with the receiver's possession upon the ground that his appointment was improvidently made.   This rule is not limited to property actually in the receiver's possession, but extends also to property which he has been appointed to receive, but which he has not yet reduced to possession.   High on Receivers, sec. 143; 34 Cyc. 212.

6.  It would serve no useful purpose to attempt to answer the exhaustive argument of counsel to persuade us that the court was without jurisdiction to appoint a receiver.  An examination of the answer of respondents to the order to show cause convinces us that the court had jurisdiction of the parties and of the subject matter.   The appointment of the receiver may have been improvidently made or erroneous, but all of this appears to have been thoroughly thrashed out before the court in the receivership proceeding and upon the objections to the rule to show cause.   The jurisdiction of a court depends upon its right to decide a case, and never upon the merits of its decision.   Errors must be corrected by appeal, and not by disobedience.   Holbrook

v. James H. Prichard Motor Co., 27 Ga. App. 480, 109 S. E. 164.

We do not pass upon the questions raised by counsel for the relators as to the legality of the appointment of the receiver. We simply hold that the order, whether erroneous or not, was within the jurisdiction of the court, and that the court had jurisdiction of the parties and the subject matter involved in the rule to show cause why the relators should not be punished for contempt.

The order to show cause herein is recalled, and the petition for the writ of prohibition is refused.

DUCKER, C. J.: I concur.

COLEMAN, J.: I concur in the general principles of law stated in the foregoing opinion.

ON PETITION FOR REHEARING

February 10, 1925.