46961. THOMAS v. HOME CREDIT COMPANY.

ARGUED MARCH 6, 1972—DECIDED MARCH 16, 1972—
REHEARING DENIED MARCH 31, 1972—

*Phillip Slotin,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Emmet J. Bondurant, J. D. Humphries, III,* for appellees.

EBERHARDT, Judge. ■ As the trial court properly held in his order sustaining Home of Atlanta's motion for summary

judgment, the undisputed facts show that the tortious conduct complained of, if committed, was committed by a servant of Home of Georgia and not by a servant of Home of Atlanta. Accordingly the motion for summary judgment filed by Home of Atlanta was properly sustained.

■ However, it was error to grant Home of Atlanta's motion to set aside the order directing service on Home of Georgia. It clearly appears that Home Credit Company of Georgia, a corporation, was conducting business in the trade name of Home Credit Company, which was not a corporation. "A corporation conducting business in a trade name may sue or be sued in the trade name. *Executive Committee of the Baptist Convention v. Smith,* 44 Ga. App. 184 (161 SE 143), affirmed 175 Ga. 543 (165 SE 573). When a complaint is brought against a defendant in a trade name, the complaint is amendable by stating the real name of the person doing business under that name, and the amendment does not introduce a new party. *Hudgens Contracting Co. v. Redmond,* 178 Ga. 317 (2) (173 SE 135); *Mauldin v. Stogner,* 75 Ga. App. 663 (2) (44 SE2d 274); *Moody A.F.B. Credit Union v. Kinard,* 116 Ga. App. 163, 164 (156 SE2d 526)." *John L. Hutcheson Memorial Tri-County Hospital v. Oliver,* 120 Ga. App. 547 (1) (171 SE2d 649). See also *Robinson v. Reward Ceramic Color Mfg., Inc.,* 120 Ga. App. 380 (2) (170 SE2d 724); *Cheek v. J. Allen Couch & Son Funeral Home,* 125 Ga. App. 438 (4, 8) (187 SE2d 907); *Powell v. Ferguson,* 125 Ga. App. 683 (1).

In *Parker v. Kilgo,* 109 Ga. App. 698 (137 SE2d 333), it was held that where a company was sued as a corporation and service was made on its agents on Spring Street, the petition could be amended to show the company was a trade name for an individual and service could then be perfected upon the individual at his home on Friar Tuck Road. Similarly, in *Black v. Jacobs,* 113 Ga. App. 598 (149 SE2d 190), it was held that where "David G. Black" was named as defendant and service was made upon him on Mornington Drive, plaintiff could amend by adding the word "Junior" after defendant's name and have "David G. Black, Jr."

served on Dover Road. While these latter cases are sought to be distinguished on the basis that they were decided before the effective date of the CPA, "[o]n the contrary, they have been expressly incorporated therein. 'A party whose name is not known may be designated by any name, and when his true name is discovered, the pleadings may be amended accordingly.' Code Ann. § 81A-110 (a)." *Atlanta Veterans Transportation, Inc. v. Westmoreland,* 123 Ga. App. 466, 467 (181 SE2d 504).

*Nelson v. Sing Oil Co.,* 122 Ga. App. 19 (176 SE2d 227) does not require a different result. In that case plaintiff, who was injured at a service station, sued "Sing Oil Company," a corporation, which had no connection with the distinct and separate partnership which operated the business except to wholesale products to it.

Moreover, Home of Georgia, which has been served with process, has made no appearance in the case and has not objected to being named and served as party defendant. It would thus appear that insofar as Home of Georgia is concerned, it has waived this procedural objection. Cf. *Commercial Nat. Bank of Cedartown v. Moore Ford Co.,* 121 Ga. App. 424 (174 SE2d 201). In any event we cannot perceive how Home of Atlanta was harmed by the amendment to the complaint changing the name of defendant from "Home Credit Company" to "Home Credit Company of Georgia," or by the order it moved to set aside directing service on Home of Georgia. Assuming that Home of Atlanta also used the trade name, when plaintiff specified the corporation "Home Credit Company of Georgia" as the defendant, Home of Atlanta was removed from the case and was thus benefited. This is particularly true since Home of Atlanta has been granted summary judgment. Furthermore, it appears at least arguable whether Home of Atlanta, after the amendment and order for service on Home of Georgia, even had standing to move to set the order aside since it was no longer a party to the case, if it ever had been.

*The order setting aside the order directing service on Home Credit Company of Georgia is reversed; the order*

*granting summary judgment to Home Credit Company of Atlanta is affirmed. Bell, C. J., concurs. Evans, J., concurs in the judgment.*