### 49762, 49791. THOMAS v. HOME CREDIT
### COMPANY et al.; and vice versa.

STOLZ, Judge.

This is the second appearance of this case in this court. See *Thomas v. Home Credit Co.,* 125 Ga. App. 876 (189 SE2d 470).

The action was filed originally against "Home Credit Company" on July 2, 1970, for a tort which allegedly occurred on January 29, 1969. Service of process was made on July 8, 1970 upon "Home Credit Company" at the principal place of business alleged in the complaint. The defendant answered on August 7, 1970, in the name of "Home Credit Company of Atlanta," stating that this was its correct corporate name, and that its principal place of business was at the address at which it was served. All other allegations of the complaint were denied, and a motion to strike various portions of the complaint was also filed. The trial judge sustained certain grounds of the motion and ordered the plaintiff to file an amended complaint in conformity with the order. The plaintiff complied, listing "Home Credit Company of Atlanta" as defendant in the caption, but again naming as defendant in the jurisdictional allegation "Home Credit Company."

Home Credit Company *of Atlanta* (hereinafter "Home of Atlanta") filed its motion for summary judgment on August 24, 1971, on the ground that the tortious conduct complained of, if committed, was committed by a servant of Home Credit Company *of Georgia* (hereinafter "Home of Georgia"), an allegedly separate corporation. On September 17, 1971, the trial judge entered an ex parte order directing service of an amended complaint on Home of Georgia, which service was perfected on September 20, 1971. On October 18, 1971, Home of Atlanta moved to set aside the September 17 order directing service on Home of Georgia, which motion was granted by the trial judge on October 21, 1971. On November 19, 1971, summary judgment was entered for the movant, Home of Atlanta.

On the appeal, decided on March 16, 1972, this court affirmed the grant of the summary judgment, and reversed the order setting aside the order directing

service on Home of Georgia. *Thomas v. Home Credit Co.,* supra. It was there noted that there is no such corporation as "Home Credit Company," although both corporations involved apparently used that as their trade name, and that both corporations have the same principal officers and the same registered agent and office (and the same counsel, we note). The issue of the default of defendant Home of Georgia, not having been raised by the record, was not ruled on.

On March 21, 1972, before the remittitur was sent to the trial court, Home of Georgia paid the costs and filed its answer, setting out the defenses of failure to state a claim and the statute of limitation as to injuries to the person and reputation, and a counterclaim for the balance due on the note. On April 12, 1972, the plaintiff filed a motion to strike the answer on the ground that the defendant was in irrevocable default. On June 12, 1972, following rehearings in this court and denial of certiorari by the Supreme Court in the former appeal, the remittitur was sent to the trial court. On December 26, 1972, the defendant filed a motion for judgment on the pleadings. On January 31, 1974, the plaintiff failed to appear for the taking of her deposition at 10:00 a. m., notice of which was given on January 28, 1974. On March 27, 1974, the trial judge denied the plaintiff's motion to strike the defendant's answer and denied the defendant's motion for judgment on the pleadings, and the case proceeded to trial.

On May 24, 1974, judgment was entered on the verdict in the amounts of $1,500 general damages for the plaintiff, and $592.20 for the defendant on its counterclaim for the balance due on the note.

The plaintiff appeals from the order denying her motion to declare the defendant in default, the order awarding the defendant $226 for attorney fees and sanctions for the plaintiff's failure to be deposed, and the entry of the judgment on the verdict. The defendant cross appeals from the order denying its motion for judgment on the pleadings.

1. Defendant Home of Georgia was automatically in default on October 20, 1971, 30 days after being named and served as party defendant, but it had an additional 15

days within which to open the default as a matter of right. Code Ann. § 81A-112 (a) (Ga. L. 1966, pp. 609, 622; as amended, Ga. L. 1972, pp. 689, 692, 693); Code Ann. § 81A-155 (a) (Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238). On the following day, October 21, 1971, the order directing service on Home of Georgia was vacated on the motion by Home of Atlanta. On the previous appeal, this court recognized that it is "at least arguable whether Home of Atlanta, after the amendment and order for service on Home of Georgia, even had standing to move to set the order aside since it was no longer a party to the case, if it ever had been." *Thomas,* supra, p. 881. Although the order setting aside the previous order was obtained by a nonparty for the benefit of its interlocking corporation with presumptive notice of the nature of the claim against the latter, the trial court nevertheless had jurisdiction to make the order, even if the judge had entered it ex mero motu. Therefore, the order was binding, however wrong it was, even pending the appeal therefrom, until it was reversed or set aside. Code § 110-501; *Allen v. Savannah,* 9 Ga. 286 (7); *Forrester v. Pullman Co.,* 66 Ga. App. 745, 749 (19 SE2d 330); *Holbrook v. Prichard Motor Co.,* 27 Ga. App. 480 (1) (109 SE 164); *Pearson v. George,* 211 Ga. 18 (3) (83 SE2d 593) and cits. Hence, as a result of the order of October 21, 1971, Home of Georgia was no longer a party and had no obligation to answer the amended complaint.

"The filing of a notice of appeal serves to supersede a judgment, and while on appeal, the trial court is without authority to modify, supplement, or vacate its judgment." *D. P. v. State,* 129 Ga. App. 680 (1) (200 SE2d 499) and cits. Although the trial judge had no authority to take actions in the case relative to the judgment before the remittitur was sent down on June 12, 1972, we have found no authority which prohibited the defendant from paying the costs and opening the default before the remittitur was made the judgment of the trial court, even though the time for opening the default as a matter of right did not commence running until then.

Accordingly, the trial judge did not err in denying the plaintiff's motion to strike the answer and declare the defendant in default.

2. The plaintiff complains of the trial judge's

requiring her to pay to the defendant moving party the reasonable expenses incurred in obtaining the order compelling discovery, including attorney fees, as is provided by Code Ann. § 81A-137(a 4) (Ga. L. 1966, pp. 609, 650; 1967, pp. 226, 235; 1970, p. 157; 1972, pp. 510, 530). She contends that she was justified in failing to be deposed on the grounds (1) that the contended 3-days notice (the record shows that there were 9 days from the *first* notice) for the taking of the deposition was not "reasonable" notice as required by Code Ann.§ 81A-130 (b 1) (Ga. L. 1966, pp. 609, 641; 1967, pp. 226, 233; 1972, pp. 510, 515), and (2) that the court had not yet ruled on her motion to strike the defendant's answer on the ground that it was in irrevocable default.

Code Ann. § 81A-137 (d), supra, provides in part as follows: "The failure to act described in the provisions of this Title which relate to depositions and discovery may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by section 81A-126 (c)." Hence, § 81A-126 (c) (Ga. L. 1966, pp. 609, 635; 1967, pp. 226, 233; 1972, p. 510) was the statutory means by which the plaintiff could have obtained a protective order granting her either additional time for the discovery or avoidance of it altogether. Although the plaintiff subsequently did move for a protective order, it was not until the defendant had been forced to incur expenses in obtaining the order compelling discovery.

"This court has repeatedly held that it will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion." *Retail Credit Co. v. United Family Life Ins. Co.,* 130 Ga. App. 524, 526 (3) (203 SE2d 760) and cits. We cannot say that the assessment of expenses was an abuse of discretion here where the plaintiff merely refused to be deposed, without availing herself of her statutory remedy of seeking a protective order prior to the scheduled deposition.

3. The only issue raised in support of the enumeration of error on the entry of the judgment on the verdict is that of the defendant's contended default, which we have disposed of in Division 1 hereinabove.

4. The defendant's cross appeal from the denial of its

motion for judgment on the pleadings raises the issue of whether the amended complaint naming it as the party defendant, served on it on September 20, 1971, related back to the date of the original complaint, July 2, 1970, so that the action for assault and battery allegedly committed on January 29, 1969 was not barred by the two-year statute of limitation (Code Ann. § 3-1004), which defense had been raised in the defendant's answer.

Code Ann. § 81A-115 (c) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694) provides as follows: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

In construing and applying the above statute, this court, in *Sims v. American Cas. Co.*, 131 Ga. App. 461, 481, 482 (206 SE2d 121), held as follows: "All of Code Ann. § 81A-115 (c) after the first sentence is identical to a portion of the 1966 amendment to Fed. R. of Civ. P. 15 (c), and thus commentary on the federal rule is pertinent to our consideration. As an initial matter, because from the viewpoint of the party sought to be added belatedly, it can make no difference whether he was originally designated as John Doe and not served, or originally neither named nor served because another person was erroneously thought to be the correct defendant, we hold that both situations are encompassed by § 81A-115 (c)'s reference to 'changing the party against whom a claim is asserted' . . . Wright & Miller state that the newer portion of Rule 15 (c) 'is designed to assure that any party who is to be added by amendment after the limitations period has expired had

adequate notice of the action and of plaintiff's mistake in failing to name him at the outset. Otherwise, the deprivation of the new party's right to invoke a statute of limitations defense might raise a question of procedural due process.' 6 Wright & Miller, Federal Practice and Procedure: Civil § 1498, p. 507 (1971) . . . Moreover, concerning the 'notice' which such party must have received, 'the Advisory Committee's Note to the 1966 Amendment of Rule 15(c) indicates that the required "notice of the institution of the action" may be formal or informal. But how informal the notice may be is somewhat uncertain.' Id. Accord, Moore, Federal Practice, Par. 15.15 (4.-2) (1972). See e.g., Williams v. Avis Transport of Canada, Ltd., 57 FRD 53 (D. Nev. 1972) (attorney's letter to Goodyear constituted notice).''

To the defendant's contention that this newer portion of the statute was not in existence when the substitution of it as the party defendant was attempted, we reply that "under *Hill v. Willis,* 224 Ga. 263 (161 SE2d 281), we apply procedural law as of the date of our consideration of the appeal." *Sims,* supra, p. 482.

We have noted in the statement of facts hereinabove that the original and the amended parties defendant were virtually interlocking corporations, by virtue of the facts that they had the same principal officers, registered agent, office, and counsel, and apparently used the same trade name (which was designated for the original service). Accordingly, the trial judge was authorized to find that the conditions for the relating back of the amended complaint prescribed by § 81A-115(c), supra, as applied in *Sims,* supra, were existent, thus preventing the action from being subject to the bar of the statute of limitation. The motion for judgment on the pleadings was properly denied.

*Judgments affirmed in the appeal and cross appeal. Deen, P. J., and Marshall, J., concur.*

Argued September 30, 1974 — Decided December 2, 1974 — Rehearing denied December 19, 1974 — 

*Phillip Slotin,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Emmet J. Bondurant, Susan A. Cahoon,* for appellees.