In the matter of ALFRED A. COHEN and EDWARD JONES, on Habeas Corpus.

The judgments and orders of Courts or Judges on the subject of contempts, are by our statutes declared to be final and conclusive. Under the writ of *Habeas Corpus*, this Court cannot review the orders of another Court in such cases.

The District Courts have jurisdiction to punish for contempts of their process, and to issue such writs as are necessary to the exercise of that jurisdiction.

Contempt is defined by the statute to be the disobedience or resistance of a lawful order of a Court or Judge ; and if a Court, having jurisdiction, should issue an erroneous order, it is obligatory, until reversed by an appellate Court, and a disobedience of it is a contempt.

Courts of equity have the power to appoint receivers, and to order them to take possession of the property in controversy, whether in the immediate possession of the defendant or his agents ; and in proper cases they can also order the defendants' agents or employees, although not parties to the record, to deliver the specific property to the receiver.

The District Court caused the parties, C. and J., to be served with a rule to show cause why they should not be ordered to deliver certain property in their possession to the receiver, appointed in a case to which they were not parties ; and in obedience to the rule, they appeared and contested the matter before the Court. *Held*, that when they appeared and filed their answer to this rule, the Court acquired full jurisdiction over their persons as well as the subject matter.

*McDougall, Aldrich*, and *Sharp*, for Petitioners.
No argument on file.

TERRY, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The return to the writ of *habeas corpus* shows, that Cohen and Jones are in custody under an attachment, issued out of the Fourth District Court, commanding the Sheriff to have said parties before said Court, to answer touching a certain contempt, which is alleged they had committed in refusing to obey a certain order of Court, (made in the case of Alvin Adams *v.* I. C. Woods and D. H. Haskell, pending in said Court, which order commanded Roman, Cohen, and Jones, to deliver to a Receiver, appointed by said Court, certain personal chattels therein specified, belonging to the firm of Adams & Co.

The judgments and orders of Courts, or Judges, on the subject of contempts, are, by our statutes, declared to be final and conclusive; and it has been established by judicial decisions, that under the writ of *habeas corpus* we cannot review the orders of another Court in such cases.

Our investigation must be confined to the single point of jurisdiction. If the Court had power to make the order, we cannot inquire whether the case under consideration is a proper one for the exercise of that power. It cannot be doubted, that the District Courts have jurisdiction to punish for contempts of their process, and to issue such writs as are necessary to the exercise of their jurisdiction.

But it is contended, on the part of petitioners, that the order of the District Court, for the disobedience of which, they are charged with contempt, was unlawful and void; because, the Court had no jurisdiction of the persons of petitioners, who are strangers to the proceedings, in which such order was made, and the order not being lawful, a disobedience of it is not a contempt.

Contempt is defined by our statute to be the disobedience or resistance of a lawful order of a Court or Judge. What is a lawful order, within the meaning of this Act? Strictly speaking, every erroneous order or judgment of a Court, is unlawful, and for that reason, may be reversed on appeal.

But it will not be contended, that therefore parties may not be punished for resistance or disobedience to such orders, or that the officer executing final process, issued on an erroneous judgment, would make himself liable as a trespasser.

In the examination of this question, we should be careful to distinguish between the erroneous exercise of a power conferred by law, and the usurpation of power. If the District Court has jurisdiction, under any circumstances to make an order, requiring persons not parties to the record to deliver property to the officer of the Court, the issuance of such order in an improper case would be error certainly, which an appellate Court would correct, but would not be an usurpation of power or an excess of jurisdiction.

It is not necessary, in this proceeding, to inquire whether or not the order of the Court in the matter was erroneous. If the Court had

jurisdiction to make such an order, it is obligatory until reversed by an appellate Court.    I know of no authorities in conflict with this position.

The case in 5 Denio, cited by counsel for petitioners, is perfectly reconcilable with this view.    There, the Surrogate issued an attachment, commanding the Sheriff to take the body of a person named, and bring him before the officer to testify.    The Sheriff failing to execute the order, was adjudged guilty of contempt, and upon *habeas corpus,* was discharged.    The Court holding that the Surrogate, under no circumstances, had jurisdiction to issue such an order, it was therefore void, and the officer was not bound to execute it.

The decision was not, that the Surrogate had no jurisdiction over the person of the party against whom the attachment was issued, or, that it was not issued in a case allowed by law, but, that he had no power to issue such a writ.

Courts of Equity unquestionably have the power to appoint receivers, and to order them to take possession of the property in controversy, whether in the immediate possession of defendant or his agent, and in proper cases, they can also order the defendant's agents or employees, although not parties to the record, to deliver the specific property to the receiver.

This power does not conflict with the provision of law, which provides, that no man shall be deprived of his property without due process of law.    The surrender to the receiver does not affect the right of property or the ultimate decision of the case, any more than does the levy of an attachment.    The design is, to secure the property so that it may be handed over to the party who shall be adjudged entitled to its possession.

It is contended that the Court had no jurisdiction of the persons of petitioners; they not being parties to any proceeding before the Court. The record which was introduced by counsel for petitioners, shows that a rule to show cause why the order should not be made was served on petitioners, who, in obedience to said rule, appeared and contested the matter before the Court.    When they appeared and filed their answer to this rule, the Court acquired full jurisdiction over their persons, as well as the subject matter.    Besides, the return shows that the parties are attached to answer to a contempt.    No trial or conviction has been

had, and it would certainly not be treating the District Court with proper courtesy, were we to interfere with its powers in a case clearly within its jurisdiction, upon the assumption that an improper judgment will be rendered.

The writ is discharged, and the prisoners returned to the custody of the officer.