# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## THORNTON V. WASHINGTON SAVINGS BANK.

### April 27, 1882.

1. CHANCERY PRACTICE—*Receiver.*—An order appointing a receiver, is in . the nature of an injunction or writ of sequestration, preventing any alienation of, or interference with the property without the consent of the court. Any meddling with the control or possession of the receiver, whether forcibly or by legal proceedings, without the permission of the court, is contempt of court and punishable.

2. IDEM.—*Idem.*—A lease of lands in the hands of a receiver, made to a third party by a party to a pending suit, however valid between the parties, confers no rights upon the lessee.

.3. IDEM.—IDEM.—*Process.*—The authority of the court over the property sequestrated, may at all times be enforced, and its surrender compelled by process of attachment or writ of possession; though, as a general rule, the court will not so readily interfere as against the possession of a *stranger*, to the action, claiming by paramount title, but will leave the question of title to be tried by a proper action instituted for the purpose.

.4. CASE AT BAR.—In pending suit H was appointed receiver of real estate, to take possession and. have care and custody of same. T exhibited to receiver a lease from R, a party to the orignal suit, of part of the real estate for four years at $200 a year. Receiver obtained a writ of possession. T applied for a restraining order, which was denied.

.HELD :

> The lease conferred no rights on T which the court could respect. The appointment of the receiver being necessary and proper, his authority to possess and control the property must be enforced; he was entitled to the writ of possession, and the restraining order was properly denied.

Appeal from order of circuit court of Alexandria city, rendered 26th May, 1880, on an application filed by Thomas Thornton in suit therein pending, wherein the Washington City Savings Bank *et als.* were plaintiffs, and Thorp's

administrator and others were defendants, for an order restraining O. E. Hine, appointed receiver by a previous decree, from interfering with his possession of part of the real estate in controversy, under a lease made since the appointment of the receiver, by Charles E. Rittenhouse, one of the parties to the original suit and the owner of the land. The receiver refusing to recognize the lease, and Thornton failing to surrender possession of the land, the former caused to be issued a writ of possession against the latter, who in turn applied for an order to restrain the execution of the writ. The circuit court denied the application, and Thornton appealed. Opinion sufficiently states the remaining facts.

*C. W. Wattles* and *H. W. Thomas,* for the appellant.

*W. Willoughby,* for the appellees.

STAPLES, J., delivered the opinion of the court.

It appears to the court that by the decree of October 26, 1879, O. E. Hine was appointed a receiver of the real estate in the bill and proceedings mentioned, and that as such he was directed to take possession of the premises, to have the care and custody of the same, and to preserve the property from pillage and plunder.

Upon familiar principles the effect of this appointment was to vest in the court the control and possession of the estate through the agency of the receiver, with authority to preserve it from waste and destruction; to secure and collect the rents, issues and profits, and to make such orders touching the same as might promote the interest of the parties concerned. *Beverly* v. *Brooke,* 4 Gratt. 208.

An order appointing a receiver is in the nature of an injunction or writ of sequestration, preventing any alienation

or disposition of the property except with the consent and concurrence of the court. Any interference with the control and possession of the receiver, whether forcibly or by legal proceedings, without the permission of the court, is regarded as a contempt of its jurisdiction and will be punished accordingly.

The appointment of the receiver in this case was a just and proper exercise of authority for the preservation of the property pending the litigation until a sale could be made. Its validity is not affected by the fact suggested by counsel, that the appointment was made in one of two causes which were consolidated. The appointment was called for by the exigencies of the case, and cannot now be questioned.

The court is further of opinion that the written contract of lease from Charles E. Rittenhouse to the appellant, for a part of the premises in question, after said decree of the 26th of October, 1879, though valid between the parties, conferred upon the appellant no rights or interest which can be recognized in this suit. That lease bears date the 19th November, 1879, and purports to be for the term of four years, commencing the 1st of January, 1880, at an annual rent of $200 per annum. Its effect was to take from the court and its receiver the possession and control of the said property, covered by the decree of 29th of October, 1879. Rittenhouse, the lessor, was a party to the suits in which that decree was rendered, and both he and the appellant had the amplest notice of the appointment of the receiver; and the one in making, and the other in accepting the lease, acted in contempt of the authority of the circuit court. And this becomes the more apparent when it is remembered that both the appellant and Rittenhouse, on the 6th of November, 1879, applied to the court to vacate the order for the appointment of the receiver, which, after a full hearing, was refused. And in the face

of this refusal, a few days afterwards, the lease in question was executed, under which Rittenhouse, who was without title, attempted to confer upon the appellant an interest in the premises for a term of four years.

The court is further of opinion that by the decree of the 12th February, 1880, the receiver was again directed to take charge of the property in question; to *receive* the accrued rent of tenants in possession; to rent the premises, or any portion thereof, at his discretion, and to compel any one who might be thereon to pay a suitable rent therefor, or to vacate the same, and in the event of a refusal, the receiver was authorized to use the process of the court in recovering the possession.

This decree was entered simply for the purpose of more clearly determining the powers and duties of the receiver. It is very clear that the court did not intend thereby to sanction the lease to the appellant. It does not appear that the court was at the time apprized of its existence, or that it was ever brought to its attention. It would be unjust to the parties, and especially to the court, in the light of its decrees, to infer that it intended in any manner to recognize the lease as a beneficial or binding contract. One of the provisions of the decree is that the receiver might compel any one upon the premises to pay a suitable rent or vacate the premises, all of which was inconsistent with the claim, now put forth, of a recognition of the appellant's tenancy.

The court is further of opinion that there is no error in so much of the decree of the 12th February, 1880, as authorizes the receiver, upon the refusal of parties to pay a reasonable rent, to use the process of the court in recovering possession of the property. An order for the appointment of a receiver would be a vain and nugatory proceeding, if the court is without the power to enforce it against persons improperly withholding the premises. As a general

rule, the court will not interfere in a summary way as against the possession of a stranger to the action claiming by paramount title, but will leave the question of title to be tried by a proper action to be brought for that purpose. When, however, the possession is withheld by persons who are parties to the suit, or by others claiming under such parties, with notice of the appointment of the receiver, there can be no question as to the authority of the court to interfere in a summary way, and enforce its order for the surrender of the property by attachment or by a writ of possession. High on Receiver, §§ 144, 147; Kerr on Receiver, 187, 158. As has been already seen, the appellant here stands in the relation of a *pendente lite* purchaser or lessee from one of the parties to the suit. He had not actual notice of the appointment of the receiver, but he made an attempt to have that appointment vacated, and after failing in that attempt, his effort is to acquire and hold the possession for four years, at an inadequate rent, in defiance of the authority of the circuit court. It is very true that the appellant proposed to attorn to the receiver as his tenant; the offer was, however, accompanied with conditions the receiver was not authorized to accept. The appellant did not propose to pay a reasonable rent for the property, as required by the decree, but only such as he had agreed upon with Rittenhouse, claiming credit for all his payments to the latter, and also the right to collect the rents due by certain tenants on the property. This pretension was inconsistent with the decree, with the interests of the other parties, and with the very object designed in the appointment of the receiver.

Upon the whole case, we think there is no error in the decree of the circuit court, and the same is therefore affirmed.

DECREE AFFIRMED.