## BRANDT v. ALLEN *et al.*

1.   **Receiver:** ACTION FOR CUSTODY OF PROPERTY : JURISDICTION OF
EQUITY : PLEADING. The receiver of an insurance company has a
right, and it is his duty, when he believes that the officers of the
company are concealing its assets with the purpose of converting
them to their own use, to invoke the aid of the court in compelling
a surrender of such assets. And where, as in this case, the peti-
tion alleges that such officers are insolvent, and that they hold, and
are about to convert to their own use, a promissory note belonging
to the company, equity has jurisdiction to enjoin the negotiation
of the note, and to compel its surrender, or the proceeds of it,
to the court, pending the final determination of the right thereto.
And in such case it is immaterial that the petition filed by the
receiver was entitled and drawn as though it were a part of the
original action brought to secure the appointment of a receiver, to
which action defendants were not parties ; for, regarding the pro-
ceeding as auxiliary to the original action, the court had jurisdic-
tion to make the order against the defendants.

2.  ———— : ————— : EVIDENCE.  This being a provisional proceeding, under section 2903 of the Code, for the custody of property pending the determination of its rightful ownership, *held* that the evidence (see opinion) was sufficient to justify an order requiring the property to be placed in the custody of the court, though not suffi- ·cient for the final disposition of the property.

3.  **Appeal** : PRACTICE : OBJECTION NOT RAISED BELOW.  The court having ordered defendants to deposit a note, or its proceeds, with the clerk until the question of ownership should be deter- mined, defendants objected to the method of procedure and to the right of the court to order the surrender of the property, but made no objection to the clerk as a custodian.  *Held* that such objection could not first be raised in this court ; but that defendants were not cut off from requiring further security from the clerk, upon a proper showing therefor.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

FILED, OCTOBER 26, 1888.

ON the thirty-first day of January, 1887, one B. F. Allen was appointed receiver of the Monarch Insurance Company, and qualified and entered upon the discharge of the duties required by the appointment.  On the eighth day of the next month Allen resigned, and was succeeded by plaintiff.  On the twenty-third day of May, 1887, the plaintiff filed his petition in this proceed-- ing, entitling it as in the original action for the appointment of a receiver.  The petition makes Allen and one H. L. Swords parties defendant, and alleges that Allen, prior to January 31, 1887, was the pres- ident and general manager of the Monarch Insurance Company, and as such officer had possession and control of the property of the company ; that when plaintiff was appointed receiver, Allen retained almost all of the valuable assets of the company, with intent to convert the same to his own use ; that he now holds a large portion of such assets, and has combined with Swords for the purpose of defrauding the company and its creditors by appropriating to the use of himself and Swords the assets of the company of which they have possession ; that among said assets is a note for $10,000

bearing six per cent. interest, which is particularly described; that said note is the property of the company, and was under the control of Allen while he acted as receiver; that he failed to turn said note over to plaintiff, and that defendants are endeavoring to negotiate the same, and that, unless restrained, they will succeed, and will convert the proceeds to their own use; that Swords was formerly an officer and stockholder of the company; and that both defendants are insolvent. Plaintiff asks that defendants be enjoined from negotiating or otherwise disposing of the note; that they be required to deposit it with the clerk of the court pending the determination of their claim thereto; that they be required to appear at a time to be fixed by the court for examination touching the disposition of the assets of the company, and that such other order be made as shall seem proper to the court. Upon the day the petition was presented the court indorsed an order thereon, requiring defendants to deposit the note with the clerk, to be held subject to the further order of the court, and enjoining them from disposing of the note unless ordered by the court. They were also required to appear before the court on the next day for examination. On the twenty-seventh day of May defendants filed their answer, protesting therein that they were not parties to the suit, and that no order could be made affecting them or property claimed by them, and alleging that the note in suit was personal property of Allen. The answer also contained a general denial. The cause was heard by the court, and an order made, which recited that the court found that the plaintiff had a probable right in the note; that it was under the control of defendants, and in danger of being lost; and directed defendants to bring the note, or its proceeds, if it had been negotiated, into court within two weeks; and restraining defendants from disposing of the note if it had not already been negotiated by the person in New York having it in charge. From this order the defendants appeal.

*Cummins & Wright,* for appellants.

*Lehmann & Park,* for appellee.

ROBINSON, J.—I. The first question we are called upon to determine is that of jurisdiction. The petition filed by the receiver is entitled and drawn as though it were a part of the original action brought to secure the appointment of a receiver. The defendants insist that the court had no right to require them to appear in the summary manner which it did, and to order the delivery to the clerk of property which one of them claimed to own, for the reason that they were not parties to the original action. That was commenced by S. A. Robertson, a stockholder, as plaintiff. We think this proceeding must be regarded as auxiliary to the original action. It is not prosecuted by the original plaintiff, but by the receiver, to accomplish the purposes of the original action. The receiver is an officer of the court, subject to its control. Code, sec. 2905; *McGowan v. Myers,* 66 Iowa, 102; *Cartwright's Case,* 114 Mass. 238; High, Rec. secs. 144, 151; 2 Story, Eq. Jur. sec. 831. The application for the appointment of a receiver was based, in part at least, upon the alleged insolvency of the insurance company. When the receiver was appointed he became entitled to the custody and control of all property of the company, and it was the duty of all officers of the company to surrender to him such property belonging to the company as was in their possession or within their control. When officers of the company were charged with concealing its assets with the purpose of converting the same to their own use, it was the duty of the receiver to take steps to ascertain the facts, and, if necessary, to invoke the aid of the court in compelling a surrender of the assets. In this case defendants were officers of the company, accused of concealing and seeking to convert to their own use assets to the possession

*1. RECEIVER: action for custody of property: jurisdiction of equity: pleading.*

of which the receiver was entitled.   We are of the opin-
ion that it was within the equitable jurisdiction of the
court to require them to answer the petition of plaintiff,
and to .compel them to surrender all property to the pos-
session of which the receiver was entitled.    It is said
that the note in controversy could have been secured by
the receiver, if he was entitled to its possession, by an
action at law ; hence that equitable proceedings were
unnecessary.    But grounds of equitable jurisdiction
were shown.    It appeared that defendants had, prior to
the appointment of a receiver, possession and control of
the property of the company by virtue of their official
connection with it ; that they had retained and con-
cealed some of its assets ; that they were about to nego-
tiate the note in suit, and convert its proceeds to their
own use ; and that they were insolvent.    If these allega-
tions of the petition·were true, an action at law would
not have afforded adequate relief.    The facts alleged in
regard to the note were sufficient to require it to be placed
in the hands of a receiver.    Code, sec. 2903.   Defendants
had notice of the proceedings, appeared, filed their
answer, offered testimony, and submitted to a hearing
by the court.   We conclude, therefore, that the objec-
tions of defendants to the jurisdiction of the court are
not well founded. *Levi v. Karrick*, 13 Iowa, 352 ; High,
Rec. sec. 144.

II.   Appellants insist that the evidence did not so
clearly establish the right of the receiver to the note,
"as to warrant its disposition without a
2. $\frac{\overline{\quad:\quad}}{\text{evidence.}}$  trial, and without the institution of a plen-
ary suit."   This proceeding, so far as it
relates to the note in controversy, seems to have been
adopted and treated by the court below as a provisional
remedy authorized in part by section 2903 of the Code.
Its primary object was to place the note within the
control of the court until the question of its ownership
could be determined.   The court did not attempt to
adjudicate the claims of the respective parties, but con-
tented itself with finding that the receiver had a prob-
able right to the note, and with making such orders as

were designed to protect that right until there should be a final determination of the questions at issue upon their merits. The evidence shows that during the year 1884, and at a time when an investigation of the affairs of the Monarch Insurance Company under the direction of the auditor of state was impending, defendant Allen was president of the company. Fearing that the company would not pass the investigation, Allen transferred to the assets of the company, from his personal property, the note in controversy, another note for the same amount, and $12,000 in money. This property was accepted by the board of directors of the company. After the investigation was made by the auditor of state, to-wit, in April, 1885, the board of directors adopted a resolution directing the repayment of the money, and the delivery of the notes to Allen. It is claimed on behalf of defendants that Allen transferred the notes and money to the company in good faith, and for a proper purpose; and that, while the transfer created no legal obligation on the part of the company, yet it did create a moral obligation which the company had a right to discharge in the manner attempted; and that by the action of the board of directors Allen became the owner of the notes and money. It is said on behalf of plaintiff that to allow Allen to retain the note in controversy would be to allow him to perpetrate a fraud on the stockholders and policy-holders and creditors of the company; that, notwithstanding the action of the board of directors, Allen treated the note as belonging to the company, and included it in the annual statement of its assets; and that it should now be treated as belonging to the company. Whether this claim of appellee can be sustained must depend upon all the facts of the case. It was not within the power of the board of directors of the company to cancel its moral obligations at the expense of its creditors, and, if this has been attempted, it cannot be sustained. But this question should be decided only after a full investigation of the facts. It is sufficient for us to say at this time that the showing made on behalf of plaintiff was

such as to authorize the court to take control of the note.

III. Appellants claim that the court erred in ordering them to deliver the note to the clerk. An examination of the record leads us to the

**3. APPEAL:** practice: objection not raised below.

conclusion that this objection is made for the first time in this court. The petition asked that the court require the defendants to deposit the note with the clerk pending the determination of the question of plaintiff's right thereto. The objections made by the defendants went to the authority of the court to proceed in the manner adopted, and to the right of plaintiff to insist upon a surrender of the note by defendants; but no objection was interposed to the clerk as a custodian, if one was to be appointed. Therefore we will not disturb the order in question, but our decision as to this will not prevent the defendants from requiring further security on the part of the clerk for the discharge of the duties imposed by the order, upon the making of a proper showing for that purpose. The cause will be remanded for further proceedings in harmony with this opinion.

AFFIRMED.