STOWE *v.* WOLVERINE METAL SPECIALTIES CO.

1. CONTEMPT—APPEAL AND ERROR—QUESTIONS REVIEWABLE.
    In reviewing contempt proceedings instituted to enforce an
    order of the circuit court not appealed from, the Supreme
    Court will not retry the facts then before the court or
    review said order as upon appeal therefrom and find that
    it was based on an erroneous view of either the law or
    the facts.

2. SAME—FAILURE TO OBEY VOID COURT ORDER NOT CONTEMPT.
    One who fails to obey an order which was void because
    the court was without jurisdiction to make it may not be
    committed for contempt.

3. RECEIVERS—CONTEMPT—PROPERTY IN HANDS OF STRANGERS—AP-
    PROPRIATE REMEDY.
    Generally, where one in possession of property in good
    faith denies the right of the one for whom a receiver is
    appointed, and he is neither agent or in privity with such
    one, and is not made a party, he is a stranger to the
    record, and a plenary suit is the appropriate remedy to
    settle his rights and those of the receiver; but said rule
    is generally recognized as not applicable to officers and
    agents of corporations.

4. CONTEMPT—REFUSAL OF TREASURER TO TURN OVER MONEY TO
    RECEIVER OF CORPORATION.
    Where the circuit court, in chancery, had jurisdiction to
    enter an order requiring the treasurer of a corporation to
    turn over to its receiver money belonging to it in his
    hands, on his refusal to obey said order he was properly
    committed for contempt, although he claimed adversely
    to the corporation and was not made a party to the
    suit.

Appeal from Kent; Perkins (Willis B.), J. Sub-
mitted April 5, 1928. (Docket No. 54.) Decided
June 4, 1928.

[1]Contempt, 13 C. J. § 168; [2]Id., 13 C. J. § 14; 1 L. R. A. (N.
S.) 1142; 16 L. R. A. (N. S.) 1065; 30 A. L. R. 148; 6 R. C. L.
505; 2 R. C. L. Supp. 138; 4 R. C. L. Supp. 422; 5 R. C. L. Supp.
349; 6 R. C. L. Supp. 392; [3]Corporations, 14a C. J. § 3233; Re-
ceivers, 34 Cyc. p. 214; 47 L. R. A. (N. S.) 744; 40 A. L. R. 904;
43 A. L. R. 1340; 23 R. C. L. 60; 5 R. C. L. Supp. 1231; 6 R. C.
L. Supp. 1358; 7 R. C. L. Supp. 767; [4]Contempt, 13 C. J. § 16.

Bill by Ernest A. Stowe against the Wolverine Metal Specialties Company for the appointment of a receiver and an accounting. The Michigan Trust Company was appointed receiver: On petition of such receiver Martin DeGraaf was adjudged guilty of contempt of court. Affirmed.

*Fred P. Geib,* for appellant.

*Knappen, Uhl & Bryant* (*J. T. & T. F. McAllister,* of counsel), for appellee.

FELLOWS, J. Upon the bill of a stockholder and with the consent of the defendant company, the Michigan Trust Company was appointed receiver of the Wolverine Metal Specialties Company. Martin DeGraaf was president and treasurer of the company. After its qualification, the receiver filed a petition setting up that DeGraaf had in his possession a large amount of tools and equipment belonging to the company which he had failed to turn over to the receiver; that just prior to the appointment of the receiver DeGraaf as treasurer of the company drew from the bank $2,272.22, which he had failed to turn over to the receiver, and that the records of the company showed that he had on hand the following items of cash belonging to the company: $2,400.49, $670.39, $600, $300, $250, $500, and $400. Upon filing the petition, order to show cause was issued and served on DeGraaf. In his answer he insisted that he was not a party to the suit, was a stranger to the record, and the court was without jurisdiction to summarily dispose of the matter; upon the merits he insisted that he had loaned and advanced to the company over $9,000, some of which had been furnished by his wife, and insisted that he had used the money withdrawn from the bank to liquidate in part such indebtedness; he answered with reference to the tools and equipment

242—Mich.—40.

and other cash items, but as they are not here involved further detail is unnecessary.    Upon the hearing, as appears by the order entered thereon, the court found that the sum of $2,272.22 was in DeGraaf's hands as president and treasurer of the company at the time of the appointment of the receiver, and he was directed to turn the same over to the receiver; the other cash items were left to be disposed of in future litigations, and he was ordered to turn over to the receiver the property, books, records, letters patent, etc., in his possession but belonging to the company.    From this order no appeal was taken.    A demand was made on DeGraaf for the money, but it was not turned over, and a petition was filed asking that he be committed for contempt.    His present counsel then appeared for him.    In the contempt proceedings, it was again urged that DeGraaf was not a party to the suit, and it was then claimed and stressed that the sum of $2,272.22 was drawn from the bank and applied on the indebtedness of the company to DeGraaf before the bill for the appointment of a receiver was filed, and testimony on this subject was taken but not considered by the court. Upon this petition, after giving DeGraaf some time to comply with the original order, an order of commitment for contempt was made.    It is upon the appeal from this order that the case is before us.

The order which appellant is charged with violating found that he had received the money of the corporation as an officer of the corporation after the receiver was appointed, and directed him to turn it over to the receiver.    That order was not appealed from.    We can not in this proceeding, instituted to enforce such order, retry the facts then before the court or review it as upon appeal therefrom and find that it was based on an erroneous view of either the law or the facts. If the court was without jurisdiction to make it and it was void, appellant may not be committed for failure to obey it.    In 6 R. C. L. p. 505, it is said:

"While courts may enforce observance of their orders and injunctions generally, by recourse to contempt proceedings where these are violated, it is a general rule that no court can punish as for a contempt the disobedience of an order made without jurisdiction. The respondent may question the order which he is charged with refusing to obey, only in so far as he can show it to be absolutely void; he cannot be heard to say that it is merely erroneous, however flagrant it may appear to be, since judgments of courts cannot be attacked collaterally for mere irregularities."

*In re Cohen and Jones,* 5 Cal. 494, is an interesting case very like the one now before us. We shall have occasion to refer to it again. But upon this question language there used is quite in point. It was said:

"Contempt is defined by our statute to be the disobedience or resistance of a lawful order of a court or judge. What is a lawful order, within the meaning of this act? Strictly speaking, every erroneous order or judgment of a court, is unlawful, and for that reason, may be reversed on appeal.

"But it will not be contended, that therefore parties may not be punished for resistance or disobedience to such orders, or that the officer executing final process, issued on an erroneous judgment, would make himself liable as a trespasser.

"In the examination of this question, we should be careful to distinguish between the erroneous exercise of a power conferred by law, and the usurpation of power. If the district court has jurisdiction, under any circumstances to make an order, requiring persons not parties to the record to deliver property to the officers of the court, the issuance of such order in an improper case would be error certainly, which an appellate court would correct, but would not be an usurpation of power or an excess of jurisdiction."

We recognize the rule contended for by appellant's counsel that the receiver may not, ordinarily, through a summary proceeding in the receivership case and without a plenary suit, take into his possession property in the possession when the receivership proceedings are

instituted of one not a party to the suit, a stranger to the record, and who claims adversely to the party for whom the receiver is appointed. Where one in possession of property in good faith denies the right of the one for whom a receiver is appointed, and he is neither agent or in privity with such one, and is not made a party, he is a stranger to the record, and a plenary suit is the appropriate remedy to settle his rights and those of the receiver. This rule has been generally recognized. *Sinsheimer* v. *Simonson,* 107 Fed. 898; *State, ex rel. Mining Co.,* v. *McClure,* 17 N. M. 694 (133 Pac. 1063, 47 L. R. A. [N. S.] 744); *Fidelity & Deposit Co.* v. *Johnson,* 275 Fed. 112; *Ex parte Hollis,* 59 Cal. 405; *White* v. *Gates,* 42 Ohio St. 109; *People, ex rel. Pomeranz,* v. *District Court,* 74 Colo. 58 (218 Pac. 742) ; *State, ex rel. Boardman,* v. *Ball,* 5 Wash. 387 (31 Pac. 975, 34 Am. St. Rep. 866) ; *Ex parte Renfro,* 115 Tex. 82 (273 S. W. 813, 40 A. L. R. 900) ; 23 R. C. L. p. 60.

But corporations may only act through their officers and agents, and while the rule above referred to has generally been recognized, it has likewise been generally recognized that it is not applicable to the officers and agents of corporations. In High on Receivers (4th Ed.), § 312*a,* it is said:

"When a receiver is appointed over a corporation, with the usual powers of receivers, and specially empowered by the order of the court to receive all the effects and choses in action of the corporation, such order involves a correlative duty upon the part of the corporate officers to deliver the assets to the receiver, even though such delivery is not specifically directed by the court. A failure, therefore, by the officers of the corporation to deliver its assets to the receiver, and their sale by such officers, constitute a contempt of court and will be punished as such."

And in section 144 of the same work it is said:

"The receiver, being the officer or agent of the court,

is entitled to its assistance in obtaining possession of property which is the subject-matter of his receivership, and may have an order of court to procure possession of such property, not only against defendant in the action, but in a proper case against his agents and employees, although not parties to the record, requiring them to deliver up the specific property."

In 1 Tardy's Smith on Receivers (2d Ed.), p. 872, § 345, it is said:

"A failure of the officers of a corporation over which a receiver has been appointed to deliver its assets to such receiver, even though the delivery is not specifically ordered by the court, constitutes a contempt of court."

In *Tolleson* v. *Savings Bank,* 85 Ga. 171 (11 S. E. 599), it was said:

"When a court acquires jurisdiction over a corporation as a party, it obtains jurisdiction over the official conduct of the corporate officers so far as the conduct may be involved in the remedy against the corporation which the court is called upon to enforce."

And the commitment of the officer for contempt was affirmed. In the case of *In re Cohen and Jones, supra,* where this question was before the court, it was said:

"Courts of equity unquestionably have the power to appoint receivers and to order them to take possession of the property in controversy, whether in the immediate possession of defendant or his agent, and in proper cases, they can also order the defendant's agents or employees, although not parties to the record, to deliver the specific property to the receiver."

See, also, *Brandt* v. *Allen,* 76 Iowa, 50 (40 N. W. 82, 1 L. R. A. 653) ; *Ex rel. Cameron* v. *District Court,* 48 Nev. 198 (228 Pac. 617) ; *Blaise* v. *Security Brewery Co.,* 124 La. 979 (50 South. 816) ; *Thornton* v. *Savings Bank,* 76 Va. 432; *Young* v. *Rollins,* 90 N. C. 125; *Wheeler* v. *Mathews,* 70 Fla. 317 (70 South. 416) :

*Edrington* v. *Pridham*, 65 Tex. 612. And this court has recognized the rule in *Baldwin* v. *Wayne Circuit Judge*, 101 Mich. 119 (25 L. R. A. 739), although in that case the officers had been garnisheed and it was held that under such circumstances the trial judge properly refused to commit them for contempt. Under the bankruptcy law the Federal courts have held it to be proper practice, where the property or money is in the hands of the bankrupt or his agent, to bring summary proceedings, with punishment for contempt on violation of the order. *In re Rosser*, 101 Fed. 562; *Bryan* v. *Bernheimer*, 181 U. S. 188 (21 Sup. Ct. 557); *Mueller* v. *Nugent*, 184 U. S. 1 (22 Sup. Ct. 269).

The circuit court for the county of Kent, in chancery, was not without jurisdiction to enter the order requiring appellant treasurer of the Wolverine Metal Specialties Company to turn over to its receiver the money of the company; it had authority to make such order in the summary proceedings here indulged in. It is admitted by appellant that he has not complied with that order. On this appeal from the order of commitment, we cannot retry the questions before the court when the original order was made.

The order appealed from will be affirmed, with costs of this court.

FEAD, C. J., and NORTH, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.