FRANK, Judge.
Mr. and Mrs. Ferrigno, the plaintiffs in the underlying personal injury and declaratory judgment actions, have petitioned this court for certiorari to review the trial court’s protective order barring each from attending the deposition of the other. We grant certiorari and quash the order entered below.
In response to the Ferrignos’ petition for certiorari, respondents Suncoast Insurers, Inc., and Ted Bogusz stated that the core issue in the declaratory judgment action centers upon whether Bogusz, a business associate and close personal friend of the Ferrignos, provided the Ferrignos with a “knowing rejection” form, required by section 627.727(1), Florida Statutes, to select uninsured motorist coverage lower than their liability limits. Mr. Ferrigno denies he signed the selection form; Suncoast and Boguez contend, however, that Mrs. Fer-rigno executed the form as his agent.
After noticing the Ferrignos for deposition, Suncoast and Bogusz filed a motion for protective order alerting the trial court of their intention to ask the Ferrignos a series of questions designed to disclose the history of insurance dealings between the Ferrignos and Bogusz. More specifically, they hoped to develop the fact that Mr. Ferrigno had granted Mrs. Ferrigno the authority to sign documents as his agent. The trial court concluded that the asserted need to ask such questions of the Ferrignos independently in order to elicit candid responses constituted good cause for the grant of a protective order under Rule 1.280(c) of the Florida Rules of Civil Procedure.
Upon consideration of the petition, the parties’ contentions, and the policies behind the discovery rules, we have concluded that the trial court abused its discretion in entering the order halting the Fer-rignos’ attendance at the deposition of each other. Simply stated, the reasons for exclusion advanced by Suncoast and Bogusz do not constitute good cause and the trial court’s error cannot be remedied on appeal; the opportunity for each plaintiff to attend the deposition of the other will have passed. If the trial court’s perception of good cause in this matter were correct, the instances would be varied and legion in which parties could be foreclosed from full participation in their litigation.
Rule 1.310(b)(1) of the Florida Rules of Civil. Procedure requires that “[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action.” This and all pertinent discovery rules are mirror images of their counterparts in the Federal Rules of Civil *888 Procedure; and Florida courts generally follow federal authority construing identical federal and Florida rules. Lingelbach’s Bavarian Restaurants, Inc. v. Del Bello, 467 So.2d 476 (Fla. 2d DCA 1985); Wilson v. Clark, 414 So.2d 526, 531 (Fla. 1st DCA 1982). The purpose of the notice rule is clear: a party has the right to attend and cross-examine all witnesses with information relevant to the litigation. Spaeth v. Warner Brothers Pictures, Inc., 1 F.R.D. 729 (S.D.N.Y.1941).
Former rule 1.310(b) of the Florida Rules of Civil Procedure empowered a court to order “that the examination be held with no one present except the parties to the action and their officers or counsel.” It is a venerated principle that a party has a right to be present at an oral deposition. Cacace v. Associated Technicians, Inc., 144 So.2d 82 (Fla. 3d DCA 1962); Mock v. City of Detroit, 81 Mich.App. 556, 265 N.W.2d 416 (1978) (construing a Michigan rule similar to the pre-1972 Florida rule). In 1972, Rule 1.280(c) was amended to provide that a judge may, upon a showing of good cause, “make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including one or more of the following: ... (5) that discovery be conducted with no one present except persons designated by the court.” Thus, we are willing to concede that, upon demonstration of compelling evidence, the trial court may properly exclude a party. We have uncovered, however, only one circumstance in which the exercise of such power was approved — Galella v. Onassis, 487 F.2d 986 (2d Cir.1973). Galella involved an unusual suit by a free-lance photographer against the widow of President John F. Kennedy, whom the trial judge had explicitly found to have been the victim, on numerous instances, of Galella’s harassment, assault, and intrusions upon her privacy. The court noted that under the revised federal rule “it is clear that the court has the power to exclude even a party, although such an exclusion should be ordered rarely indeed." 487 F.2d at 997 (emphasis added).
Our view of Rule 1.280(c) dictates the conclusion that its framers did not contemplate its use as a means by which one party may gain a tactical advantage by excluding another party from a deposition. It is that objective, and nothing more, which Suncoast and Bogusz achieved before the trial court. The guise of needing to “seek truth and justice” is grounded only upon the vague and speculative premise that either Mr. or Mrs. Ferrigno might — while under oath — alter the testimony in accordance with that which they hear the other say. Although we recognize the long-adhered to principle behind the rule allowing the sequestration of witnesses, see Dardashti v. Singer, 407 So.2d 1098 (Fla. 4th DCA 1982), we find the right of a party to be present at each stage of a lawsuit virtually sacrosanct and certainly paramount to an opposing party’s mere fear of dove-tailed or hand-made testimony. In sum, cynical disbelief that a party-deponent will adhere to the oath to be truthful does not constitute good cause under Rule 1.280(c). Hence, the trial court departed from the essential requirements of the law in so determining in the matter at hand.
The petition for certiorari is granted.
RYDER, A.C.J., and CAMPBELL, J., concur.